Argued May 4, affirmed June 17, petition for rehearing
denied September 9, 1964

IN THE MATTER OF THE ESTATE OF
ETHEL E. WHEELER, DECEASED
DOLVEN ET AL *v.* THE FIRST NATIONAL
BANK OF OREGON ET AL

393 P. 2d 196

*William E. Hanzen,* Pendleton, argued the cause

for appellants. On the briefs were Isaminger & Hanzen, Pendleton.

*Lawrence B. Rew* and *George H. Corey,* Pendleton, argued the cause for respondent, The First National Bank of Oregon, Executor of the Estate of Ethel E. Wheeler. On the brief were Corey & Byler, Pendleton.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

SLOAN, J.

Plaintiffs seek to set aside the will of the decedent Ethel E. Wheeler. The will had been admitted to probate. The challenged will had been executed in 1958. Plaintiffs contend that Mrs. Wheeler had executed a later will which had revoked the 1958 will. However, the later will, if it had been executed, could not be found.

Prior to the time that the 1958 will was submitted for probate plaintiff, Gloria Dolven, who was the daughter of Mrs. Wheeler, had petitioned the probate court of Umatilla county to appoint her as administratrix of Mrs. Wheeler's estate. The basis of her petition was that Mrs. Wheeler had died intestate. The intestacy was claimed because of the alleged revocation of the 1958 will by the later undiscovered document. This petition was challenged by the First National Bank of Oregon named as executor in the 1958 will. Trial was had on that petition in the district court for Umatilla county, the court having probate jurisdiction in that county. The district court held that the petitioner, Gloria Dolven, did not sustain the burden of proving the revocation of the 1958 will. The district

court denied the petition for letters of administration. No appeal was taken from that order.

In the instant case defendant, First National Bank of Oregon, in answer to plaintiffs' complaint, alleged that the district court determination was res judicata of the issues presented by plaintiffs' complaint herein. The trial court held that "*  *  * there being an identity of parties and subject matter and an adjudication in the former proceeding  *  *  *, the contestants are now precluded from again litigating the same matter,  *  *  *."

██ Plaintiffs, on appeal, do not dispute the quoted finding that the parties and subject matter are the same. They do argue that the adjudication was not conclusive because, they say, the district court did not have jurisdiction to make it. That is not so. Plaintiff Gloria Dolven had filed a petition alleging that Ethel Wheeler had died intestate and seeking appointment of herself as administratrix of Mrs. Wheeler's estate. The probate court is vested with "exclusive jurisdiction" to hear such a petition. ORS 5.040. *Woodburn Lodge v. Wilson,* 1934, 148 Or 150, 34 P2d 611, *John v. Smith,* 1899, 91 Fed 827, 832. In this instance the petition had been resisted with averments that an unrevoked will existed. This was the issue submitted and tried by the probate court. It was not contended that the 1958 will was invalid. The question was simply the existence of a later will. The authorities cited establish that the probate court had the competence to decide the issue. Neither party requested that the disputed issue be transferred to the circuit court. ORS 5.050.

When plaintiff filed her petition for intestate administration her sole purpose was to thwart the pro-

bate of the existing 1958 will. She submitted herself to the court to have the issue of later revocation of that will decided by the court. This is not a case in which it can be said that the parties cannot confer jurisdiction if jurisdiction does not otherwise exist. At the time of the hearing upon her petition the district court had undisputed jurisdiction of the parties and of the subject matter of the issues submitted.

Absent an appeal the decision of the district court was final and is now res judicata of the present attempt to re-litigate the identical issues so decided. *Sibold v. Sibold,* 1959, 217 Or 27, 340 P2d 974, *Jarvy v. Mowrey,* 1963, 235 Or 579, 385 P2d 336, *Holmes v. Oregon & California R. Co.,* 1881, 9 Fed 229, *Thomas Kay Woolen Mill Co. v. Sprague,* 1919, 259 Fed 338. Although the district court case was presented in a different form it presented to the court the same "* * * factual raw material * * *" as in the instant case. *Jarvy v. Mowrey,* supra, 235 Or 586. The factual issues were identical. Only the label attached to the proceeding is different. In the *Sibold* case we followed this quotation which is particularly pertinent here:

"* * * To like effect, see, *Lake v. Bonynge,* 161 Cal 718, 118 P 535, from which we quote the following:

'Freeman on Judgments, Section 323, declares: "The tendency of the recent adjudications is to inquire whether an issue or question has been in fact presented for decision and necessarily decided, and, if so, to treat it as res adjudicata, though the decision is the determination of a motion or summary proceeding, and not of an independent action. * * *"'."
*Sibold v. Sibold,* 217 Or at page 32.

In the instant situation plaintiff could have appealed the district court's decision to the circuit court and then to this court. Upon an adverse ruling here, if plaintiff is right, she could have gone through the entire process again by the course she now attempts. If the doctrine of res judicata has any vitality at all it must apply to a case of this kind. The trial court correctly decided the case. The judgment is affirmed.

PERRY, J., dissenting.

The record in this case discloses that appellant Gloria Maude Dolven on June 5, 1962, filed in the District Court for Umatilla County a petition for appointment as administratrix of the estate of Ethel E. Wheeler, deceased.

After alleging the death of Mrs. Wheeler, the petition set forth the fact that petitioner was the daughter of the deceased and the sole heir; that the estate consisted of real and personal property located in Umatilla and Morrow counties; that a will bearing the date of October 20, 1958, existed and had been deposited with the county clerk of Umatilla County; that the will of October 20, 1958, was not a valid will in that on or about the 4th day of May, 1959, Mrs. Wheeler had executed a subsequent will which revoked the prior will; that the subsequent will could not be found and the petitioner believed Mrs. Wheeler died intestate.

A hearing was had on the petition, and on July 30, 1962, the court in a memorandum opinion denied the petition and directed that the will of October 20, 1958, should be offered for probate. On August 3, 1962, a formal order was entered dismissing the petition and directing that the will of October 20, 1958, "be offered for probate."

On August 6, 1962, the will of October 20, 1958, was offered for probate in common form. On August 13, 1962, the will was admitted to probate and, as provided in the will, Gloria Maude Dolven and The First National Bank of Oregon were appointed as co-executors of the estate of the deceased.

On September 5, 1962, Gloria Maude Dolven and Russell Raymond Dolven filed their petition in the District Court to set aside and declare null and void the will of October 20, 1958, upon the same grounds that they had sought to have the contestant Gloria Maude Dolven appointed administratrix of Mrs. Wheeler's estate.

By answer, The First National Bank denied the allegations of contestants' petition and alleged the issues were identical with those presented by the contestants in their petition for appointment of an administratrix; that the order denying the appointment had not been set aside and was still in full force and effect; that the rights of the parties were fully determined in the former proceeding and contestants were barred by the doctrine of res judicata from prosecuting this suit.

On October 2, 1962, the cause was transferred to the Circuit Court for Umatilla County. Trial was had in the circuit court and a judgment entered denying contestants' petition to revoke the will of October 20, 1958, and admitting that will to probate in solemn form.

From that judgment the contestants have appealed.

The first assignment of error is based on the trial court's finding that the petition for appointment of Gloria Maude Dolven as administratrix was res judicata and, therefore, barred the contestants' right to contest the will of October 20, 1958.

District courts on their creation were granted the same jurisdiction in probate matters as had formerly been granted to county courts. ORS 46.096. Probate jurisdiction is granted by ORS 5.040, which is as follows:

"County courts having judicial functions shall have exclusive jurisdiction, in the first instance, pertaining to a court of probate; that is, to:

"(1) Take proof of wills.

"(2) Grant and revoke letters testamentary, of administration, of guardianship and of conservatorship.

"(3) Direct and control the conduct, and settle the accounts of executors and administrators.

"(4) Direct the payment of debts and legacies, and the distribution of the estates of intestates.

"(5) Order the sale and disposal of the property of deceased persons.

"(6) Order the renting, sale or other disposal of the property of minors.

"(7) Appoint and remove guardians and conservators, direct and control their conduct and settle their accounts.

"(8) Direct the admeasurement of dower."

ORS 5.050 provides for the transfer of any contested probate matter, except a creditor's claim for less than $500, to the circuit court on the court's or any party's motion.

It is well-established in this state that wills are, in the first instance, admitted to probate in common form. That is, there is an ex parte proceeding by which the validity of the will is established on the affidavits of the attesting witnesses and without notice to the interested parties. *Heirs of Clark v. T. A. and J. D. Ellis,* 9 Or 128; *Richardson v. Green,* 61 F. 423; ORS 115.170(1).

ORS 115.180 provides:

"(1) When a will has been admitted to probate, any person interested may, at any time within six months after the date of the entry in the court journal of the order of court admitting such will to probate, contest the same or the validity of such will; but, if a person entitled to contest the probate of a will or the validity thereof is laboring under any legal disability, the time in which he may institute such contest shall be extended six months from and after the removal of such disability."

ORS 115.170(3) provides:

"* * * in case of contest of a will or the probate thereof in solemn form, the proof of any or all material or relevant facts shall not be made by affidavit, but in the same manner as such questions of fact are proved in a suit in equity."

It seems quite clear from the foregoing that the validity of a will may be determined only after it has been offered for probate in common form and the time permitted for contest has expired, or in a suit brought to set aside a will already admitted to probate.

Since the will of October 20, 1958, had not been offered for probate at any time, either before or during the proceedings for the appointment of an administratrix, and was offered for probate in common form only after these proceedings had terminated, a cause of suit to set aside a will had not yet arisen and, therefore, it must follow that at this juncture the probate court was without jurisdiction to determine the validity of the will.

The probate court could only determine in that proceeding that a will existed which was prima facie entitled to be offered for probate, and, therefore, an administratrix should not be appointed.

Since the probate court was without jurisdiction to pass upon the validity of the will until it was offered and a contest had been commenced, it follows that the judgment itself would not bar the petitioners from contesting the will after it was offered for probate.

The doctrine of res judicata, however, is not limited to the effect of a judgment as a bar to the prosecution of another cause of action or suit upon the same claim, it also precludes the relitigation of particular facts or issues in subsequent actions or suits on a different cause of action between the same parties. *Winters v. Bisaillon,* 153 Or 509, 57 P2d 1095, 104 ALR 968.

Since the only issue raised by the contest is whether this was in fact the last will of the deceased and this was an issue before the district court in the petition for the appointment of an administratrix, the question then posed is: If the district court had jurisdiction to determine that issue independent of the usual issues, such as testamentary capacity, that arise generally, would this constitute an estoppel by judgment?

It must be kept in mind that we are not here dealing with the appointment of a special administrator for a special purpose, but are considering the granting of letters of general administration of an intestate's estate.

The courts are in unanimous agreement that the granting of general letters of administration is based upon a finding of intestacy. 33 CJS 920, Executors and Administrators § 30. And the nonexistence of a will is a prerequisite to such a grant. 21 Am Jur 398, Executors and Administrators, § 44.

No citation of authority is necessary for the statement that a finding of intestacy can be based only upon proof of the nonexistence of a will or proof of

the invalidity of an existing will. If a will exists which is apparently valid upon its face, a court of probate may not issue letters of general administration. *In re Wedemeyer's Estate,* 300 NYS 1201, 253 AD 766; *In re Estate of Whitehouse,* 223 Iowa 91, 272 NW 110; *Weichold v. Day,* 144 Kan 432, 61 P2d 1328.

It, therefore, appears that had the district court issued general letters of administration they would have been a nullity and it was unnecessary to the decree that the invalidity of the will be determined. There can be no doubt but that a district court has jurisdiction in the first instance to determine the validity of a will in a proceeding brought for that purpose. *Richardson v. Green,* supra; ORS 5.050.

But the proceeding for the appointment of an administrator is a different proceeding from that to have a will, apparently valid, declared null and void. Since the two proceedings are different, the rule of res judicata by judgment if applicable to this proceeding must be the rule of collateral estoppel. *Gwynn v. Wilhelm,* 226 Or 606, 360 P2d 312.

The rule of collateral estoppel is applicable "* * * only where the facts determined are essential to the judgment. Where the jury or the court makes findings of fact, but the judgment is not dependent upon these findings, they are not conclusive between the parties in a subsequent action based upon a different cause of action." Restatement, Judgments 309, § 68(o).

In the proceeding for the appointment of an administratrix it was necessary for the district court to find only that a will existed which was entitled to be admitted to probate in common form. It was not necessary to determine its validity in that proceeding.

For the reasons above stated, I dissent to the majority opinion.