Argued October 5, 1967, reversed and remanded March 27,
petition for rehearing denied April 23, 1968

R. L. K. AND COMPANY, *Respondent, v.*
STATE TAX COMMISSION,
*Appellant.*
438 P. 2d 985

*Theodore W. deLooze,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Robert Y. Thornton, Attorney General, and Alfred B. Thomas, Assistant Attorney General, Salem.

*Norman J. Wiener,* Portland, argued the cause for respondent. With him on the brief were King, Miller, Anderson, Nash & Yerke, Portland.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

O'CONNELL, J.

This is an appeal by the State Tax Commission from a decree of the Oregon Tax Court fixing the value for tax purposes of property popularly known as "Timberline Lodge."

Plaintiff operates the property under a 15-year special-use permit which was issued in 1955 by the

United States Government acting through the United States Forest Service. The permit is quite restrictive, subjecting plaintiff to the control of the Forest Service with respect to many aspects of the operation of the resort facility. The principal question in this case is the interpretation of ORS 307.060 as applied to the assessment and taxation of the plaintiff's interest in the property.

ORS 307.060 provides as follows:

"Property of the United States held under lease or other interest less than fee. Real and personal property of the United States or any department or agency thereof held by any person under a lease or other interest or estate less than a fee simple, other than a contract of sale, shall be assessed and taxed as for the full true cash value thereof subject only to deduction for restricted use. The lien for the tax shall attach to and be enforced against only the leasehold, interest or estate in such real or personal property. This section shall not apply to real property held or occupied primarily for purposes of grazing livestock. This section shall not apply to real or personal property held by this state or any county, municipal corporation or political subdivision therein which is:

"(1) In immediate use and occupation by such political body; or

"(2) Required, by the terms of the lease or agreement, to be maintained and made available to the Federal Government as a military installation and facility."

■ The tax court decided that ORS 307.060 was to be interpreted as requiring the valuation of the fee interest less a deduction for restricted use. This was correct. The tax court included as one of the restrictions the limitation on the length of use under the permit. To reflect the value of this restriction, the tax court

computed plaintiff's interest as having a declining value over the 15-year period of the permit.

■ This method of evaluation was erroneous. The effect of employing it was to evaluate plaintiff's interest as lessee, not as the owner of the fee. Plaintiff contends that the state can constitutionally tax only the value of plaintiff's interest and that interest must be measured in terms of its declining value during the life of the permit. This is incorrect.

The state would have the power to impose a tax on all lessees of real property upon the basis of the full value of the land, just as it may, and ordinarily does, tax lessors for the full value of the land. If one were to *buy* a lessee's interest, the price would not be determined by the value of the entire fee but upon the basis of the value of the term. But we are not concerned with a *sale* of property in this case; the evaluation is made for the purpose of *taxation*. The value of property is in its use. The state can tax that value to the person who, for the tax period, is using it. If the possessor is making a full use of the property, the value to him is exactly the same as it would be were he the owner. In effect, the lessee is the owner for each tax year he remains in possession under his lease, subject to any diminution in value resulting from restrictions made applicable to him which would not be applicable to an owner in fee.

Any contention that our interpretation of ORS 307.060 constitutes an unconstitutional discrimination against lessees taxed thereunder is answered in *Sproul v. Gilbert et al*, 226 Or 392, 359 P2d 543 (1961).①

---

① See also United States v. City of Detroit, 355 US 466, 78 S Ct 474, 2 L ed2d 424 (1958); United States v. Township of Muskegon, 355 US 484, 78 S Ct 483, 2 L ed2d 436 (1958); City of Detroit v. Murray Corp., 355 US 489, 78 S Ct 458, 2 L ed2d 441 (1958).

■ The appraisal approved by the tax court, as we have seen, was based in part upon the declining value of plaintiff's interest. The property must, therefore, be re-appraised excluding this factor. Defendant asks us to direct the tax court to enter a decree based upon the values found by its appraiser. This we cannot do for as the record now stands we would be unable to make an informed judgment on the soundness of the method employed by the commission's appraiser. A question is raised as to the validity of Mr. Stone's use of the cost approach in evaluating part of the property and an income approach in evaluating the rest. Moreover, in its opinion, the tax court criticized Mr. Stone's appraisal, not only because it failed to consider the declining value of plaintiff's term, but also because "insufficient consideration was given to many restrictions involved in the special use permit." These questions, if they are to be raised, must first be presented to the tax court. Then, if the matter is not resolved to the satisfaction of the parties, they may appeal to this court.

Plaintiff makes the further contention that the doctrine of res judicata precludes defendant from attacking the tax court's decree. To examine this contention it is necessary to set out in more detail the course this case took before it came to us on appeal. Plaintiff first appealed to the tax court from the decision of the tax commission on the assessment and taxation of its property for the tax year 1962-63. In that case the Honorable Peter Gunnar, who was then the tax court Judge, decided that in the evaluation of R. L. K. and Company's property interest it was necessary to take into account the declining value of the term measured by the unexpired period of the permit. However, a decree finally disposing of the case was not entered

because Judge Gunnar refused to accept either plaintiff's or defendant's determination of the fair market value of the property. The case was remanded to the tax commission for a determination of the value of R. L. K. and Company's interest in accordance with the tax court decision. *R. L. K. and Co. v. Commission,* 1 OTR 584 (1964). The commission, purporting to follow the tax court's mandate, re-evaluated the property and in doing so allowed a $1,000 deduction for each year of the declining term of the permit. Plaintiff again appealed to the tax court. Two other cases filed by plaintiff against the commission involving 1963-64 and 1964-65 tax years were consolidated with the 1962-63 case on the second appeal.

Plaintiff contends that as to the first case involving the 1962-63 taxes, the decree entered by Judge Gunnar providing the method of evaluating plaintiff's interest was final and became the law of the case upon the second appeal to the tax court and upon appeal to this court. It is further contended that the adjudication of that question also was res judicata in the two subsequent cases which were consolidated with the original case on the second appeal to the tax court.

■ We hold that neither the doctrine of the rule of the case nor the doctrine of res judicata are applicable in this case. Both of these doctrines relate to an adjudication of issues which have culminated in a final decree.

The issue first presented to the tax court by the filing of the complaint in this case was not finally adjudicated until the decree was entered on May 17, 1966 from which the present appeal was taken. Judge Gunnar's decision in the original proceeding, although concluding that the property was to be taxed as if owned by the taxpayer subject to reduction in value

because of the restrictions of the permit (including the diminishing value of the term), did not completely dispose of the case. At that point in the proceedings the value of plaintiff's interest was still unresolved. The case was remanded to the tax commission for re-appraisal of plaintiff's interest in the property. If the remand had called only for the performance of a ministerial act by the commission, there would be some ground for arguing that the tax court's original decree was final and therefore binding upon the commission if no appeal was taken from it. But the tax commission's function on remand was not ministerial; the commission was required to make a re-determination of the value of plaintiff's interest. In remanding the case to the commission, the tax court failed to specify the method to be employed by the commission in making the re-appraisal. The wide range of choice left unresolved by the original decree is evidenced by the great disparity between the commission's evaluation and the evaluation ultimately adopted by the tax court.

█ The fallacy in plaintiff's position is in looking at a *part only* of the whole case before the tax court. The tax court's original interpretation of the statute (ORS 307.060) is focused upon and treated as a final determination of that issue. But the doctrine of res judicata and the doctrine of the law of the case are not properly applied to a segment of the whole case; the final judgment embracing *all* of the issues in the case constitutes the estoppel. In the present case the manner in which the property should be appraised continued to be an issue until finally adjudicated by the tax court. This final adjudication was not made until the decree of the tax court was entered on May 17, 1966.

The decree of the tax court is reversed and the

cause is remanded for such further proceedings as are necessary to arrive at a fair evaluation of plaintiff's interest in the property in question.

SLOAN, J., dissenting.

I dissent for the following reasons:

■ The government's prohibitions and limitations on plaintiff's use of the property are so much more restrictive and the government's interference, use, management and demands on plaintiff are so much more imposing than in *Sproul et al v. Gilbert et al,* 1961, 226 Or 392, 359 P2d 543, that plantiff's use of the premises is not a possessory interest as defined in *Sproul.*

■ Defendant is estopped for all of the tax years in dispute by the unappealed decree of the tax court for the tax year 1962. See *Tait v. Western Maryland R. Co.,* 1933, 289 US 620, 53 S Ct 706, 77 Led 1405; *Commissioner v. Sunnen,* 1948, 333 US 591, 68 S Ct 715, 92 Led 898; *State v. Baker,* 1964, Alaska, 393 P2d 893; *Dolven v. First National Bank,* 1964, 238 Or 306, 309, 393 P2d 196; Restatement, Judgments, § 70. The issue to be decided in each case, as stated by defendant's brief, is "* * * whether the statutory requirement that a deduction be made for restricted use required defendant to consider the declining term of the special-use permit * * *." This was decided by the unappealed decision at 1 OTR 584.

■ On the merits, the tax court's decision, 2 OTR 368, was right.