## T & R SERVICE, INC. *v.* COMMISSION

Robert Altman, Albany, represented plaintiff.

Donald C. Seymour, Assistant Attorney General, Salem, represented defendant.

Decision rendered for defendant September 13, 1968.

EDWARD H. HOWELL, Judge.

Plaintiff's petition to the tax commission for review of the valuation of certain real property for the year 1967 was dismissed for lack of jurisdiction. Plaintiff appealed.

A brief review of the facts is necessary in order to determine whether the commission had jurisdiction to consider plaintiff's petition.

In 1966 the plaintiff, being dissatisfied with the valuation of $596,000 placed on its property by the Linn County Assessor, appealed to the board of equalization. The latter made only a small reduction in the value and the plaintiff appealed to the tax commission. The commission held a hearing on September 8, 1966, but the opinion and order of the commission reducing the value of plaintiff's property to $451,885 was not issued until January 31, 1968.

Before the commission had issued its opinion and order on plaintiff's 1966 appeal the tax year 1967 rolled around. The assessor placed a value of $511,600 on the property for 1967, which was a slight decrease from the value used for 1966. Had the assessor increased the 1967 value over the valuation for the preceding year by more than $400 or five percent, whichever was greater, the plaintiff would have been entitled to notice under ORS 308.280. Here, however, the plaintiff was not aware of the 1967 valuation until it received its tax statement in October, 1967, which was too late to appeal to the board of equalization under ORS 309.100. The plaintiff attempted to appeal the assessor's valuation to the tax commission under ORS 306.520, but the latter rejected the appeal on the grounds that plaintiff had failed to follow the statutory requirement of first appealing to the board of equalization before appealing to the commission.

■■ The county assessor is required to assess the value of all taxable property within the county as of January 1 of each year. ORS 308.210. The rule regarding property tax valuations is that each tax year stands by itself. *Mittleman v. Commission*, 2 OTR 105, 106 (1965). A taxpayer dissatisfied with the valuation placed upon his property by the assessor for that year must appeal to the county board of equalization. ORS 309.100. Any taxpayer aggrieved by an order of the county board of equalization may appeal to the State Tax Commission following the procedure outlined in ORS 306.515.

The plaintiff seeks to invoke the provisions of ORS 306.520 to excuse its failure to follow the administrative appeal provisions outlined above. That statute provides that a "taxpayer aggrieved by an act or omission of a county assessor  *  *  * which affects his property *and for which there is no other statutory remedy*" may appeal to the tax commission "within six months after the act or omission becomes actually known to the taxpayer but in any event not more than two years after such act or omission becomes a matter of public record  *  *  *." (Emphasis supplied.)

■ This statute is only applicable when the taxpayer has no other statutory remedy for presenting his grievance. Here the plaintiff should have protected itself by following the appeal procedure for each year involved until the tax commission made its decision. Filing appeals for each tax year while other appeals are pending before the commission, the Tax Court, or the Supreme Court, or all three, has been the required procedure. See *R.L.K. and Co. v. Tax Commission*, 249 Or 603, 438 P2d 985, reversing 2 OTR 368; *P.G.E. Co. v. Tax Commission*, 249 Or 239, 437

P2d 827, reversing and remanding 2 OTR 222, 2 OTR 356.

The plaintiff argues that it did not appeal the assessor's 1967 valuation to the board of equalization because it did not have knowledge of the valuation until October, 1967, when it received its tax statement for the year 1967-68.

■ The plaintiff should have known that the assessor has the duty to prepare the assessment roll for the county for each year (ORS 308.210) and include therein the assessed value of all taxable real property including the plaintiff's. (ORS 308.215). It is the independent duty of the assessor to determine the true cash value of the taxable property in the county and place it on the assessment roll. *West House, Inc. v. State Tax Com.,* 228 Or 167, 364 P2d 598 (1964); *Case v. Chambers et al,* 210 Or 680, 314 P2d 256 (1957). The assessor had to place some value for the plaintiff's property on the assessment roll. As the assessor used a slightly lesser valuation for 1967 than the value used by the board of equalization for the previous year, he was not required to give plaintiff the notice provided by ORS 308.280.

Having failed to appeal the 1967 valuation to the board of equalization the plaintiff could not appeal the valuation for that year to the tax commission.

The order of the commission is affirmed.