## R. L. K. & COMPANY v. COMMISSION .

Norman J. Wiener, King, Miller, Anderson, Nash & Yerke, Portland, represented plaintiff.

Theodore W. de Looze, Assistant Attorney General, Salem, represented defendant.

Decision for plaintiff rendered October 30, 1968.

EDWARD H. HOWELL, Judge.

This case, which was originally filed in this court in 1964, and which involves the valuation of plaintiff's interest in Timberline Lodge at Mt. Hood, was reversed and remanded to the Tax Court by the Oregon Supreme Court in *R. L. K. & Co. v. Comm.*, 249 Or 603, 438 P2d 985 (1968), reversing 2 OTR 368 (1966).

During the course of the litigation other tax years became involved and the tax years 1962, 1963, 1964, 1965, 1966 and 1968 are all before the court for a determination of the value of plaintiff's interest in Timberline Lodge under a special use permit with the United States Forest Service. The tax year 1967 is not involved.

■ The facts have been previously related in the

other decisions, 1 OTR 584, 2 OTR 368 and 249 Or 603, 438 P2d 958 (1968), and will not be repeated. It is sufficient to state that the issue involves an interpretation of ORS 307.060 which provides that a lease or other interest less than a fee simple in property of the United States should be valued "for the full true cash value thereof subject only to deduction for restricted use." The Oregon Supreme Court found that the declining term of the special use permit should not be considered in deciding the value of plaintiff's interest. The case was remanded to find such value without considering the declining value of plaintiff's interest.

As an illustration of the difficulty involved in appraising the plaintiff's interest, the tax commission during the litigation first used the income approach then the cost approach and finally in the last trial, the income approach again. This has resulted in the commission valuing plaintiff's interest at $212,630, $380,000, $402,000 and finally $254,000, all for the year 1962. For 1963 the commission's valuations ranged from $335,990 to $601,000 and finally $380,000. For 1968 the valuations ranged from $889,500 down to $420,000 at the time of the last trial.

Both parties in this proceeding have used the income approach to value plaintiff's interest in the permit. No consideration was given to the declining value of plaintiff's interest. The primary difference between the respective appraisals was that the defendant commission used gross income and the plaintiff net income in their income approach to value.

The appraisal reports of both appraisers were introduced in evidence and have received careful consideration. The plaintiff's evidence and method of valuation was more persuasive, consequently the value

of plaintiff's interest in the subject property is found
to be as follows:

| | |
|---|---|
| January 1, 1962 | $123,200 |
| January 1, 1963 | 252,700 |
| January 1, 1964 | 252,700 |
| January 1, 1965 | 252,700 |
| January 1, 1966 | 252,700 |
| January 1, 1968 | 330,000 |