## THE EUGENE YACHT CLUB and OREGON TRAIL COUNCIL, BOY SCOUTS OF AMERICA *v.* DEPARTMENT OF REVENUE

David L. Shaw, Luvaas, Cobb, Richards & Fraser, Eugene, represented plaintiffs.

Ted E. Barbera, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered April 2, 1975.

CARLISLE B. ROBERTS, Judge.

Plaintiffs appealed from defendant's Order No. VL 74-61, dated March 7, 1974, upholding the omitted property assessment made by the Lane County Department of Assessment and Taxation on real property, referred to as Assessor's Account No. 17-05-05-2400 (code 28-00), for the tax years 1970-1971 through 1973-1974. The plaintiffs assert that their interest in the real property in question, which is leased to them by the U.S. Army Corps of Engineers, is exempt from taxation under the provisions of ORS 307.130.

█ The parties have stipulated that one of the plaintiffs, the Oregon Trail Council, Boy Scouts of America, was and is a benevolent or charitable institution within the meaning of ORS 307.130 but no such stipulation has been reached concerning the Eugene Yacht Club. The initial question facing the court is whether the property leased to the charitable organization qualifies for exemption under ORS 307.130. This section grants an exemption for "property owned or being purchased by incorporated literary, benevolent, charitable and scientific institutions * * *." Property of the United States is generally exempt from taxation under the provisions of ORS 307.040. ORS 307.060 requires that where such federal land is held by *any* person under a lease or other interest or estate less than a fee simple, such land shall be subject to assessment. The plaintiffs agree that their interests in the land in question are possessory interests resulting from a lease to them by the Secretary of the Army, which, under the holdings of *Ore. Summer Hm. Owners v. Johnson,* 265 Or 544, 510 P2d 344 (1973), and *Sproul et al v. Gilbert et al,* 226 Or 392, 359 P2d 543 (1961),

would be taxable, as required by the provisions of ORS 307.060. The plaintiffs assert, however, that, because they had a "possessory" interest in the land under ORS 307.060, such interest should also qualify them for exemption under ORS 307.130.

This court must follow the long-standing rule that exemption statutes are to be strictly construed. The basic property interests specified ("owned or being purchased by") for exemption under ORS 307.130 and 307.164 (1974 Replacement Part), are described by words in common use which must be taken and understood in their ordinary sense and given their plain and obvious meaning. *Blalock v. City of Portland et al,* 206 Or 74, 291 P2d 218 (1955). The plaintiffs neither own the property nor are they in the process of purchasing the property. They do not have the legislatively required interest necessary to qualify the land for exemption under the provisions of ORS 307.130 or ORS 307.164. As stated in *Oregon Research Inst. v. Dept. of Rev.,* 4 OTR 433 (1971), at 437:

"* * * The words 'being purchased by' in ORS 307.130 obviously do not cover personal property being used by an exempt organization under an agreement which constitutes a true lease."

The same rule is, of course, equally applicable to real property. The mere fact that the plaintiffs have acquired the maximum possessory rights, both legal and equitable, available to them under the circumstances, does not qualify land for exemption under ORS 307.130.

This court has previously stated its view that a legislative enactment which provided for the exemption of equity ownerships would cause a tremendous increase in the volume and complexity of the work incumbent upon the already harassed county assessor. It would require him often to analyze complicated legal documents and relationships and to form opinions upon situations which plague even the finest legal

minds. Legislative intent to enlarge the present interpretation of the statutes should be patent before the court can consider it seriously. *Oregon Research Inst., supra,* at 450.

The plaintiffs' reliance upon *R.L.K. and Co. v. Tax Commission,* 249 Or 603, 438 P2d 985 (1968), has been misplaced. The Supreme Court, in determining the value of leased property taxable under the provisions of ORS 307.060, stated, at 606:

"* * * The value of property is in its use. The state can tax that value to the person who, for the tax period, is using it. If the possessor is making a full use of the property, the value to him is exactly the same as it would be were he the owner. In effect, the lessee is the owner for each year he remains in possession under his lease, subject to any diminution in value resulting from restrictions made applicable to him which would not be applicable to an owner in fee."

In laying down the standards for determining the "full true cash value thereof subject only to deduction for restricted use," which is the taxable interest under ORS 307.060, by defining a lessee as equivalent to an owner, the Supreme Court has made such definition applicable *only* to the determination of assessable value of leases under ORS 307.060. Such determination of taxable value under ORS 307.060 is not applicable to the question of the property's exemption under ORS 307.130. The plaintiffs must meet the specific requirements of that statute, including the mode of holding title, legal or equitable, found therein.

The property in question is found to have been held under a lease agreement and, therefore, does not meet the provisions of ORS 307.130 requiring either ownership in fee or a contract of purchase to gain exemption from tax. In view of this decision, the court need not consider whether the use of the property in

question would qualify it for either total or partial exemption under ORS 307.130 or whether or not the Eugene Yacht Club is a qualifying organization described in that section.

The Department of Revenue's Order No. VL 74-61, dated March 7, 1974, is affirmed. The parties have not prayed for costs so each will assume its own.