# IN THE OREGON TAX COURT

COVE SPORTSMANS CLUB
and Union Sportsmans Club

*v.*

DEPARTMENT OF REVENUE

(TC 2663)

David C. Baum, Helm, Baum & Riedlinger, LaGrande, represented plaintiffs.

Ted E. Barbera, Senior Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered May 10, 1988.

**CARL N. BYERS, Judge.**

This is a property tax case involving two separate plaintiffs but simple facts. Each of the plaintiffs own a building located on land occupied but not owned by them. Union Sportsman Club (Union) occupies land owned by the Oregon Department of Transportation, Highway Division, under a Land Use Permit. Although the permit can be terminated by the owner on six months' notice, Union has occupied the land

and its clubhouse has been on the property since 1921. The Cove Sportsmans Club (Cove) is in a similar situation. It occupies land owned by the Episcopal Church under an annual lease. While it is only a one-year lease, Cove has occupied the land with.its clubhouse since 1952.

Plaintiffs contend for minimal assessed values for their clubhouses on the grounds that without ownership of the land the buildings have little value. Their reasoning is sound in that the short-term interest in the land implies that plaintiffs could be required to move their improvements on short notice. Since moving the buildings would incur substantial moving expenses, such a situation could detract from the market value of the buildings.

The thrust of plaintiffs' valuation evidence was to the effect that the buildings are to be valued without regard to the land. That is, in plaintiffs' view, the subject properties are like buildings which *must* be moved. Plaintiffs' evidence indicated that comparable buildings which must be moved typically sell for anywhere from $200 to $500. Plaintiffs' witness, a qualified building mover, testified that it would cost anywhere from $15,000 to $18,000 to move Cove's building and $20,000 to $24,000 to move Union's building. Under these circumstances, plaintiffs' appraiser, who could not find any sales of buildings in comparable circumstances, concluded that the sales of buildings that must be moved were a valid indication of the true cash value of the buildings. Reasoning that a knowledgeable purchaser would not pay much for a building on land owned by another where the building could be required to be removed on short notice, he concluded that such buildings would have only salvage value.

The question, then, is: What effect does the short-term interest in the land have on the assessed value to be put on the buildings? For purposes of ad valorem taxation the court finds none.

ORS 308.205 defines true cash value as the "market value" of the property as of the assessment date. The first and immediate question that must be answered in this case is whether there is a "market" for the subject buildings. Plaintiffs' evidence established that there was a market, albeit a small one, for houses that must be moved. However, the court

finds that this market is not applicable to the subject clubhouses. There was no evidence that the subject clubhouses must be moved. The evidence merely showed that the right to use the land could be terminated within one year or less. This point is significant because, in fact, plaintiffs' use of the respective parcels has never been terminated. The Cove building has been in its present location over 30 years and the Union building over 60 years. Under these circumstances, it would be improper to value the subject buildings as if they must be moved.

■ ORS 308.205(1) provides that:

"If the property has no immediate market value, its true cash value is the amount of money that would justly compensate the owner for loss of the property."

In the court's view, the best measure of the loss to the owners in this case is the depreciated costs of the buildings.[1]

■ Defendant argued that the full value of the buildings was taxable to plaintiffs without regard to the time limitations under the lease or land permit by virtue of the holding in *R. L. K. and Co. v. Tax Commission,* 249 Or 603, 438 P2d 985 (1968). In that case, the taxpayer operated a government owned property, known as Timberline Lodge, under a special-use permit issued by the United States Forest Service. In holding that the permittee's interest is subject to taxation on the full value of the property, the court explained:

"But we are not concerned with a *sale* of property in this case; the evaluation is made for the purpose of *taxation.* The value of property is in its use. The state can tax that value to the person who, for the tax period, is using it. If the possessor is making a full use of the property, the value to him is exactly the same as it would be were he the owner. In effect, the lessee is the owner for each tax year he remains in possession under his lease, subject to any diminution in value resulting from restrictions made applicable to him which would not be applicable to an owner in fee." *Ibid.* at 606.

Although the facts are somewhat different here, the basic rule is the same. Plaintiffs must pay tax on the full value

---

[1] Plaintiffs' appraiser testified that he had no quarrel with the reasonableness of the estimates of defendant but believed that they did not apply because of the different ownership of the land.

of the buildings because they have full use of them. The land and the buildings combined have a particular value. How the ownership interests may be divided should have no consequence for purposes of taxing property. In this case, the tax is being imposed on the owners of the buildings because the tax law, in effect, ignores the value of any other interests in the property. *Swan Lake Mldg. Co. v. Dept. of Rev.*, 257 Or 622, 478 P2d 393, 480 P2d 713 (1971). By constructing buildings on land in which they hold only a short-term interest, plaintiffs have created a situation where much of the building value contingently resides with the owner of the land. That is, the land owners can affect the value of plaintiffs' interests in the buildings by terminating plaintiffs' rights to use the land. However, this does not diminish the value of the buildings for ad valorem tax purposes. It is merely necessary to recognize that some of the value contingently resides with the owners of the land. Until such time as the owners of the land take action to terminate plaintiffs' use of the land, all of the building value is assessable to the owners of the buildings.

Based upon the above, the court finds that the true cash value of the improvements for the Cove Sportsmans Club as of January 1, 1986, was $22,480 and the true cash value of the improvements for Union Sportsman Club as of January 1, 1986, was $15,500. Defendant to recover its costs herein.