Harold POLLIN

*v.*

DEPARTMENT OF REVENUE

(TC 3812)

Arden E. Shenker and Gregory L. Baird, Tooze, Shenker, Duden, Creamer, Frank & Hutchison, Portland, represented plaintiff (taxpayer).

Marilyn J. Harbur, Assistant Attorney General, Department of Justice, Salem, represented defendant (department).

Decision rendered April 26, 1996.

**CARL N. BYERS, Judge.**

Plaintiff (taxpayer) appeals the 1993-94 assessed value of property leased from the Port of Portland. This matter is before the court on cross motions for partial summary judgment. The motions seek a determination of the correct measure of value taxable under ORS 307.110.[1] The court has considered the written and oral arguments of the parties.[2]

## FACTS

The subject property consists of a building and land located on the northeast side of the Portland International Airport and used as a Sheraton Hotel. Taxpayer leases the property from the Port of Portland under a long-term lease which requires taxpayer to operate the property as a Sheraton Hotel. The 40-year lease term expires in the year 2012 with an option to extend the lease an additional 10 years. Multnomah County Department of Assessment and Taxation assessed the land at $1,246,000 and the improvements at $8,214,000 for a total assessed value of $9,460,000 as of July 1, 1993. Taxpayer claims this amount represents the value of the fee simple interest. Taxpayer maintains that the county

---

[1] All references to Oregon Revised Statutes are to the 1993 Replacement Part.

[2] Also pending at the time of oral argument were plaintiff's Motion for Protective Order and defendant's Motion for Leave to File A Response late. The court has ruled on both motions in a separate order.

can only assess taxes for the value of his leasehold interest, which he claims is $5,595,000.

## ISSUE

What is the correct measure of value of leased public property subject to taxation under ORS 307.110?

## COURT'S ANALYSIS

■ As a general rule, publicly owned property is exempt from property taxation. Although the legislature could impose a tax, common sense recognizes that it wastes resources to impose a tax on oneself. *Portland v. Welch et al.*, 126 Or 293, 269 P2d 868 (1928). There are statutory exceptions to the general rule that public property is exempt, one of which is publicly owned property leased for private benefit. ORS 307.110(1) provides:

> "Except as provided in ORS 307.120, all real and personal property of this state or any institution or department thereof or of any county or city, town or other municipal corporation or political subdivision of this state, held under a lease or other interest or estate less than a fee simple, by any person whose real property, if any, is taxable, except employees of the state, municipality or political subdivision as an incident to such employment, shall be subject to assessment and taxation for the real market or specially assessed value thereof uniformly with real property of nonexempt ownerships."

■ In this case, it is necessary to distinguish between the value of a leasehold interest and the value of real property. A leasehold estate consists of the right to use and occupy real property for a limited time on conditions provided in the lease agreement. The *value* of a leasehold estate depends upon whether the contract rent required by the lease is a market rent. If the contract rent is equal to fair market rent, the value of a leasehold interest is zero. If the contract rent is less than fair market rent, the leasehold interest will have a positive value. Conversely, if the contract rent is more than fair market rent, the leasehold interest will have a negative value. *See* Appraisal Institute, *The Appraisal of Real Estate*, 126 (10th ed 1992).

To illustrate, if property with a fair market value of $1,000,000 is leased for a net rent of $100,000 per year and the market rate of return is 10 percent, the leasehold interest has a zero value. This follows because the $100,000 annual net rent gives the lessor-owner a market rate of return for the $1,000,000 of value. If the contract rent were only $50,000 per year, the leasehold would have a positive value, the amount depending upon the term and other conditions of the lease.

■ In contrast to the value of a leasehold estate, the value of real property depends upon the benefits that may be derived therefrom. Because lease payments may be more or less than market rent, lease payments alone do not measure the value of property.

It is also necessary to distinguish between leased private property and leased public property. In the case of leased private property, taxes are assessed to the owner on all interests in the property.

> "In fixing the true cash value of land for property tax purposes the effect of the existing leases on the value to the owner is disregarded. The basis for such a principle is that the tax is levied upon the land and is a tax upon all the interests into which the land might be divided." *Swan Lake Mldg. Co. v. Dept. of Rev.*, 257 Or 622, 625, 478 P2d 393 (1970).

In the case of leased public property, the public's interest remains exempt from taxation. When statutes such as ORS 307.110 impose a tax on the lessee, the tax is imposed for the private use of the property.

> "If the possessor is making a full use of the property, the value to him is exactly the same as it would be were he the owner. In effect, the lessee is the owner for each tax year he remains in possession under his lease, subject to any diminution in value resulting from restrictions made applicable to him which would not be applicable to an owner in fee." *R.L.K. and Co. v. Tax Commission*, 249 Or 603, 606, 438 P2d 985 (1968).

■ This is in accord with the general rule that property taxes are imposed upon the value of property held for private or individual benefit. If the use or benefits to be derived from

property are restricted by government, the taxable value of the property is measured by what the market would pay for the restricted use or benefits. The Oregon Supreme Court recently addressed this issue and held that the real market value (taxable value) of low-income housing is measured by the restricted benefits that may be derived by the private owner. *See Bayridge Assoc. Ltd. Partnership v. Dept. of Rev.*, 321 Or 21, 892 P2d 1002 (1995).

■        Taxpayer argues that ORS 307.110 requires the leasehold to be separately assessed and taxed. The court disagrees. The term "held under lease" merely identifies which publicly owned property is being subjected to taxation. The statute does not provide for taxation of the leasehold interest, but instead identifies taxable property by looking to what public property is being privately leased.[3] It is the real property that is subjected to taxation, not the interest in the property. It is not a question of whether taxpayer possesses a fee simple interest. The question is what is the value of the property as it can be used by taxpayer.

■ ■        As explained above, if publicly owned property is used by a private lessee in an unrestricted manner, the property would be valued for its full use. However, if the terms of a lease restrict the private use of publicly owned property in ways which the market would recognize, those restrictions will reduce the taxable value of the property. In this context, it is important to distinguish between limitations on the use of the property and limitations upon the leasehold interest. One limitation on the use of the property in this case is that it must be used as a Sheraton Hotel, a limitation which the market may view as reducing the value of the property. However, the limited term of the lease does not constitute a limitation or restriction upon the use of the property. The term of a lease is a limitation on the leasehold interest, but it does not limit the use or benefits to be derived from the property. *See P.G.E. Company v. Tax Com.*, 249 Or 239, 437 P2d 827 (1968) and *R.L.K. and Co. v. Tax Commission*, 249 Or 603, 438 P2d 985 (1968).

---

[3] ORS 307.110(2) is merely for administrative convenience so that taxes may be assessed to the lessees and not to the Port of Portland.

In summary, ORS 307.110(1) provides for taxation of real property owned by the state or its political subdivisions and leased by a taxable lessee. The value of the property for taxation is to be measured by the concept of real market value. That concept recognizes restrictions and conditions which limit the use or benefits to be derived from the property. The value of the taxable property is not measured by or limited to the value of the lessee's leasehold estate.

Plaintiff's motion seeks a ruling that only the leasehold interest is subject to taxation. This motion must be denied as too narrow. Defendant's motion seeks a ruling that the property must be valued as if held in fee simple. This motion must be denied as being too broad. If some terms of the lease are viewed by the market as restricting use of the property, some increment of value may remain exempt from taxation because it is retained by the exempt owner. Now, therefore,

IT IS ORDERED that department's Motion for Partial Summary Judgment is denied and,

IT IS FURTHER ORDERED that taxpayer's Motion for Partial Summary Judgment is denied.