IN THE TAX COURT OF THE
STATE OF OREGON

URBAN RENEWAL AGENCY
City of Coos Bay
*v.*
DEPARTMENT OF REVENUE
(TC 3986)

C. Randall Tosh, Ormsbee, Corrigall, McClintock & Tosh, Coos Bay, represented plaintiff (agency).

Joseph P. Dunne, Assistant Attorney General, Department of Justice, Salem, represented defendant (department).

Decision for plaintiff rendered December 3, 1996.

**CARL N. BYERS, Judge.**

This matter is before the court on plaintiff's (agency) Motion for Summary Judgment. The agency appealed the Department of Revenue's (department) order upholding an

assessment of taxes against its property for the years 1988 through 1993. The court has considered the written and oral arguments of the parties.

In 1983, the agency acquired title of the subject property. From 1983 until 1993, it leased the property to the Coos Art Museum. In 1993, the assessor determined that the museum was a taxable entity and that the agency's property should have been taxed. The assessor added the property to the tax rolls as omitted property for tax years 1988 through 1993 and assessed the agency for the taxes. The agency claims it is a tax-exempt public body; therefore, its interest in the property remains exempt even though it leases the property to a taxable entity. The department claims that the taxes are assessed to the agency and that a lien for the unpaid taxes is attached to the subject property.

The issue is whether the agency's interest in the property is subject to taxation and a lien.

■     Publicly owned property is generally exempt from property taxation. ORS 307.090.[1] However, when a public entity leases its property to a taxable entity, the property becomes subject to tax. ORS 307.110(1) provides:

> "[A]ll real and personal property of this state or any institution or department thereof or of any county or city, town or other municipal corporation or political subdivision of this state, held under a lease or other interest or estate less than a fee simple, by any person whose real property, if any, is taxable * * * shall be subject to assessment and taxation for the real market or specially assessed value thereof uniformly with real property of nonexempt ownerships."

■     This court has previously held that an assessment under ORS 307.110 is to be made against the *lessee*, not the exempt owner. *See, e.g., Pollin v. Dept. of Rev.*, 13 OTR 478, 481 (1996) (noting that "ORS 307.110 impose[s] a tax on the lessee"); *Pollin v. Dept. of Rev.*, No. 3812, slip at 2 (October 17, 1996) (holding that "ORS 307.110 implicitly requires exempt property held under a lease by a taxable person to be taxed and assessed to the lessee").

---

[1] All references to the Oregon Revised Statutes are to 1993.

■ This conclusion flows from an Oregon Supreme Court decision holding that a lien for unpaid property taxes imposed under ORS 307.110 is only enforceable against the leasehold interest. *See Johnson v. Dept. of Rev.*, 292 Or 373, 383, 639 P2d 128 (1982); *see also Multnomah County v. Finance America Corp.*, 120 Or App 30, 34, 852 P2d 262 (1993) (holding that the "lien for taxes imposed under ORS 307.110 is enforceable only against the leasehold interest of the lessee, not the fee simple interest of the tax exempt lessor").

The department argues that although the lien attaches to the leasehold interest, once the lease expires, all of the interests, including the resulting lien, revert back to the exempt owner. The court disagrees with this reasoning. As previously stated, the lien only attaches to the lessee's interest. When the lease expires, the lessee's interest and any lien attached to the lessee's interest will likewise expire.

In summary, taxes imposed under ORS 307.110 are assessed to the lessee, not the lessor. A lien for unpaid property taxes imposed under ORS 307.110 attaches only to the lessee's interest. The department is correct in noting the difficulty that could arise in collecting taxes imposed under ORS 307.110 because leases could easily expire before collection begins. However, if the statute is deficient, that is a matter for the legislature to address. Now, therefore,

IT IS ORDERED that plaintiff's Motion for Summary Judgment is granted.