Argued and submitted January 5, judgment of the Tax Court affirmed
February 12, 1998

# Harold S. POLLIN,
*Appellant,*

*v.*

# DEPARTMENT OF REVENUE,
State of Oregon,
*Respondent.*

## (OTC 3812; SC S44044)

952 P2d 537

Arden E. Shenker, of Law Offices of Arden E. Shenker, Portland, argued the cause for appellant. With him on the briefs was Gregory L. Baird, of Gordon & Polscer, Portland.

Marilyn J. Harbur, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief was Hardy Myers, Attorney General.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Graber, and Durham, Justices.**

GRABER, J.

---

** Fadeley, J., retired January 31, 1998, and did not participate in this decision; Kulongoski, J., did not participate in the consideration or decision of this case.

## GRABER, J.

The main issue in this case is how to value public property that is leased by a nonexempt lessee: Does ORS 307.110(1) (1995)[1] subject to taxation (a) the full value of the leased property, or (b) only the value of the leasehold interest? The Tax Court held that ORS 307.110(1) (1995) provides for taxation of the full value of the leased property. On taxpayer's appeal, we affirm.

Taxpayer does not challenge the Tax Court's factual findings.[2] Accordingly, we take these pertinent findings from the Tax Court's opinion:

"The Port [of Portland (Port)] is a municipal corporation and operates a wide range of facilities, including the Portland International Airport. In 1972, taxpayer and the Port executed a lease for land immediately adjacent to an airport runway. The lease obligated taxpayer to construct improvements to be used as a full-service Sheraton Motor Hotel. The lease restricts the use of the property to a 'motor hotel,' unless the lessee obtains the lessor's written consent for another use. The original lease term is 40 years, with a 10-year option. The rent is based on a percentage of income with a minimum annual rent. Taxpayer also agrees to pay any taxes that might be imposed on the premises. The lease requires taxpayer to maintain the improvements to original standards and also specifies a minimum original dollar investment. No modifications can be made to the improvements without the Port's approval. The lease also grants taxpayer an option to obtain use of adjoining land for expansion of the hotel, but that option expired.

"Title to the improvements remains with taxpayer until termination of the lease, at which time the Port can elect to accept title or require taxpayer to remove the improvements. The lease also contains provisions for insurance, damage, condemnation, assignment, holding over, default,

---

[1] The text of ORS 307.110(1) (1995) appears below, 326 Or at 431.

[2] Because the material facts are not in dispute, we need not decide whether the present or previous version of ORS 305.445 applies in this case. That statute now provides, in part, that this court's "review of either a decision or order of the tax court judge shall be limited to * * * lack of substantial evidence in the record to support the tax court's decision or order." ORS 305.445 (1995) provided for *de novo* review.

and other usual terms. Because of the location, taxpayer agrees to abide by FAA rules and the Port's rules governing the airport. The Port expressly reserves the right to maintain flights over the property with the consequent noise. The motor hotel and its restaurant must operate 365 days per year. The Port seeks to maximize its income and can disapprove of particular employees of taxpayer. Subsequent amendments to the original lease pertain primarily to rent and options to expand the hotel area. Taxpayer may pledge the improvements, but not the land, as security for a loan." *Pollin v. Dept. of Rev.*, 14 OTR 96, 97-98 (1997).

For the 1993-94 tax year, the county assessor assessed the real market value of the land that taxpayer leased from the Port, as well as the real market value of the improvements that taxpayer owned. The assessed values were $1,246,000 for the land and $8,214,000 for the improvements, for a total assessed value of $9,460,000. Taxpayer appealed that assessment, unsuccessfully, to the Department of Revenue (department). Thereafter, taxpayer filed a complaint in the Tax Court.

The Tax Court concluded that ORS 307.110(1) (1995) provides for assessment of the full amount of the real market value of the leased land. *Id.* at 100. The Tax Court further concluded that the length of the remaining term of a lease is not a "governmental restriction as to use" within the meaning of ORS 308.205(2)(d). *Id.* at 101-02. The Tax Court also rejected the parties' evidence of value. It rejected taxpayer's appraisal, which suggested that the assessed value of the subject property was too high, because that appraisal analyzed taxpayer's leasehold interest instead of analyzing the full value of the leased land. The court rejected the department's appraisal, which suggested that the assessed value of the subject property was too low, because that appraisal failed to view *any* of the conditions in the lease as "governmental restriction[s] as to use" under ORS 308.205(2)(d). *Id.* at 105-06. The Tax Court held that the assessed value of the land and improvements—$9,460,000— was the real market value of the subject property in the light of all the evidence, and the court sustained the department's order of assessment. *Id.* at 106-07.

■ On appeal, taxpayer first argues that the Tax Court misconstrued ORS 307.110(1) (1995), which provides:

"Except as provided in ORS 307.120,[3] *all real* and personal *property* of this state or any institution or department thereof or *of any* county or city, town or other *municipal corporation* or political subdivision of this state, held under a lease or other interest or estate less than a fee simple, by any person whose real property, if any, is taxable, except employees of the state, municipality or political subdivision as an incident to such employment, *shall be subject to assessment and taxation for the real market* or specially assessed *value thereof* uniformly with real property of nonexempt ownerships."[4] (Emphasis added.)

We apply the template established in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), to construe that statute.

Taxpayer reads ORS 307.110(1) (1995) to provide for the assessment and taxation of "property * * * held under a lease" and then argues that "ORS 307.110(1) limits the 'property' subject to taxation to that 'held under lease.' By doing so, the legislature has expressed its intent that only the property *rights* 'held under lease' shall be subject to taxation." (Emphasis added.)

■ Taxpayer's argument suffers from two difficulties. The first is that it transforms the term "property * * * held under a lease" into the term "property rights * * * held under a lease." We are not free to add to a statute that the legislature wrote. ORS 174.010; *PGE*, 317 Or at 611.

The second difficulty is that taxpayer overlooks the grammar of the sentence as a whole. Taxpayer's argument suggests that "value thereof" refers back to the "lease," so that it is the leasehold interest that is to be assessed and taxed. That suggestion is at odds with the text.

---

[3] That exception is not pertinent to the present case.

[4] In 1997, the legislature amended ORS 307.110(1) by replacing the words "real market" with the word "assessed." Or Laws 1997, ch 541, § 101. However, that amendment does not affect our decision in this case, because the amendment applies to tax years beginning on and after July 1, 1997. Or Laws 1997, ch 541, § 464. The legislature also amended ORS 307.110(5), but that subsection is not relevant to this case. Or Laws 1997, ch 819, § 12.

With the modifying clause removed, the core text of ORS 307.110(1) (1995) provides: "all real and personal property * * * of any * * * municipal corporation * * * shall be subject to assessment and taxation for the real market * * * value thereof." "Thereof" refers back to the noun "property" (*i.e.*, all real and personal property of a municipal corporation). The modifying clause in the middle of the sentence modifies the noun "property." As the sentence is structured, it means that all real and personal property of a municipal corporation is subject to assessment and taxation for the value thereof, *if* that property also meets the additional limitations in the sentence. Specifically, the phrase "held under a lease or other interest or estate less than a fee simple, by any person whose real property, if any, is taxable, except employees of the state, municipality or political subdivision as an incident to such employment" is an adjectival clause that modifies the noun "property." In other words, the modifying phrase concerning leases serves only to limit *which pieces of governmental real and personal property* are "subject to assessment and taxation for the real market * * * value thereof." Under ORS 307.110(1) (1995), only those pieces of governmental property that are "held [by a nonexempt taxpayer] under a lease or other interest or estate less than a fee simple" are "subject to assessment and taxation for the real market * * * value thereof"; governmental property held otherwise is not subject to assessment or taxation. That which is to be taxed or not taxed, as the case may be, is the real market value of the piece of governmental property.

Context supports our reading of the text. In general, all property of the state and its subdivisions is exempt from taxation. ORS 307.090(1).[5] ORS 307.110, the statute under consideration here, is one in a series of statutory exceptions to that general rule of exemption of governmental property. *See, e.g.,* ORS 307.095 (state property rented to private indi-

---

[5] ORS 307.090(1) provides:

"Except as provided by law, all property of the state and all public or corporate property used or intended for corporate purposes of the several counties, cities, towns, school districts, irrigation districts, drainage districts, ports, water districts, housing authorities and all other public or municipal corporations in this state, is exempt from taxation."

viduals for parking purposes is subject to ad valorem taxation); ORS 307.100 (government property held by a taxable owner under a contract of purchase is taxable). Structurally, then, ORS 307.110 restores to the tax rolls property that ORS 307.090(1) removed.

More specific contextual clues send the same message. For example, ORS 307.110(2) provides:

> "*Each leased or rented premises* not exempt under ORS 307.120 and *subject to assessment and taxation under this section* which is located on property used as an airport and owned by and serving a municipality or port shall be separately assessed and taxed." (Emphasis added.)

That subsection makes clear that the things that are "subject to assessment and taxation" under ORS 307.110 are "premises" or particular pieces of property, rather than legal interests (such as leases) in such premises.

Similarly, ORS 307.110(3) provides that several kinds of "publicly owned property" that otherwise would be included in the general description of ORS 307.110 are not subjected to assessment or taxation. That list excepts certain pieces of property, not legal interests in those properties, from the command of ORS 307.110.

This court's previous construction of the pertinent statutory wording confirms the foregoing interpretation. In *Johnson v. Dept. of Revenue*, 292 Or 373, 639 P2d 128 (1982), the court held that, under ORS 307.110 (1977), submerged and submersible land owned by the state and leased to a nonexempt taxpayer was subject to ad valorem property taxation by Clatsop County, to the full value of the land. The key wording of ORS 307.110(1) was the same then as it is now. *See Johnson*, 292 Or at 376 (quoting statute). After noting that ORS 307.110 is an exception to the exemption from taxation of public property, *id.* at 377, the court held that, under ORS 307.110, "the tax is assessed upon the full property value," even though the lien resulting from the tax is enforceable only against the nonexempt taxpayer's leasehold interest, *id.* at 383.[6]

---

[6] The method of assessing and taxing leased public property, which this court described in *Johnson*, is the same as the method of assessing and taxing leased

■ The legislature's intention is clear at the first level of analysis. We conclude that ORS 307.110(1) (1995) makes public property that is leased to a nonexempt taxpayer taxable. Further, ORS 307.110(1) (1995) subjects such property to assessment and taxation at its full value if the lessee has full use of the property for private gain. The Tax Court did not err in so concluding.

■ Taxpayer next argues that such an interpretation of ORS 307.110(1) (1995) makes it unconstitutional as a nonuniform method of taxation, in violation of Article I, section 32, and Article IX, section 1, of the Oregon Constitution, or as a violation of the privileges and immunities clause of Article I, section 20, or as a violation of the Fourteenth Amendment to the United States Constitution. None of those arguments is well taken, and none of them requires discussion here. The Tax Court did not err in rejecting taxpayer's constitutional contentions.

■ Taxpayer's final argument is that the remaining length of the lease term is a "governmental restriction as to use," ORS 308.205(2)(d), that must be taken into account in assessing the property, because the term of a government lease affects the value of the leasehold interest. The pertinent statute does not, however, take account of every restriction that affects the value of the subject property; it covers only "governmental restriction[s] as to use." ORS 308.205(2)(d) provides:

"If the property is subject to governmental restriction as to use on the assessment date under applicable law or regulation, real market value shall not be based upon sales that reflect for the property a value that the property would have if the use of the property were not subject to the

private property, which this court described in *Swan Lake Mldg. Co. v. Dept. of Rev.*, 257 Or 622, 625, 478 P2d 393, 480 P2d 713 (1971):

"In fixing the true cash value of land for property tax purposes the effect of existing leases on the value to the owner is disregarded. The basis for such a principle is that the tax is levied upon the land and is a tax upon all the interests into which the land might be divided. Admittedly, a lease might decrease the price which the owner might receive; however, the tax is not merely upon the owner's interest; the tax is upon all the interests in the land, including the leasehold interest. That is so because of the corollary principle that taxes are assessed only against the one having title[.]"

restriction unless adjustments in value are made reflecting the effect of the restrictions."[7]

This court interpreted that statute in detail in *Bayridge Assoc. Ltd. Partnership v. Dept. of Rev.*, 321 Or 21, 27-29, 892 P2d 1002 (1995). Examining the meaning of the noun "use," the court stated that a "governmental restriction as to use" refers to "a governmental restriction as to the method or manner of using the property in question, or as to how the property is employed or occupied." 321 Or at 29.

The Tax Court held that several provisions in the lease here are governmental restrictions as to use.

> "For example, the lease specifies that the property can only be used as a Sheraton Motor Hotel * * *. The lease also specifies that: (1) taxpayer may have no banner signs or other advertising devices on the property, (2) the improvements must be maintained without alteration or improvements, (3) the hotel must be operated every day of the year 24 hours per day, and (4) the Port has a right to maintain air flights over the property." 14 OTR at 101-02.

The Tax Court held, however, that the term of the lease "does not limit the *use* of the property," even though it limits the leasehold interest. *Id.* at 102 (emphasis in original). *See R.L.K. and Co. v. Tax Commission*, 249 Or 603, 606, 438 P2d 985 (1968) (under analogous provision of ORS 307.060 (1967), lessee has full use of public property for each year the lessee remains in possession under the lease, notwithstanding limited term of lease). We agree that the *nature* of the use is not necessarily restricted by a limitation on the *length* of the use and that ORS 308.205(2)(d) pertains only to the former. The Tax Court did not err in applying that statute to the facts of this case.

Finally, apart from the legal arguments discussed above, in this court taxpayer does not challenge the reasonableness of the assessed value of the subject property. Accordingly, the Tax Court did not err in sustaining the department's order of assessment for $9,460,000.

The judgment of the Tax Court is affirmed.

---

[7] Other portions of ORS 308.205 were amended during the 1997 legislative session. Or Laws 1997, ch 541, § 152. Those amendments are not relevant to this case.