Argued and submitted January 7, judgment of Tax Court affirmed March 3, 2000

## AVIS RENT A CAR SYSTEM, INC.,
### Budget Rent A Car Systems, Inc.,
## Dollar Rent A Car and the Hertz Corporation,
*Appellants,*

*v.*

## DEPARTMENT OF REVENUE,
*Respondent,*

*and*

## MULTNOMAH COUNTY ASSESSOR,
### a political subdivision of the State of Oregon,
*Intervenor-Respondent.*

(TC 4138; SC S46390 (Control))

## NATIONAL CAR RENTAL SYSTEMS, INC.,
*Appellant,*

*v.*

## DEPARTMENT OF REVENUE,
*Respondent,*

*and*

## MULTNOMAH COUNTY ASSESSOR,
### a political subdivision of the State of Oregon,
*Intervenor-Respondent.*

(TC 4139; SC S46402)
(Cases Consolidated)

995 P2d 1163

James N. Gardner, of Gardner & Gardner, Attorneys, P.C., Portland, argued the cause for plaintiffs-appellants Avis Rent A Car System, Inc., Budget Rent A Car Systems, Inc., Dollar Rent A Car, and the Hertz Corporation. With him on the briefs was Lynda N. Gardner.

Timothy E. Miller, of Miller & Associates, Lake Oswego, on behalf of plaintiff-appellant National Car Rental Systems, Inc., adopted in whole the briefs filed by James N. Gardner, with one supplement.

James C. Wallace, Assistant Attorney General, Salem, argued the cause for defendant-respondent. With him on the brief was Hardy Myers, Attorney General.

No appearance by intervenor-respondent.

KULONGOSKI, J.

## KULONGOSKI, J.

In these consolidated cases, taxpayers are five rental car companies operating out of the Portland International Airport.[1] The airport is owned and operated by the Port of Portland (Port), a political subdivision of the State of Oregon whose property is exempt from taxation. *See* ORS chapter 778 (creating Port and defining its functions and powers); ORS 307.090 (exempting Port property from taxation). Under written "Operating Agreements" (agreements) executed by taxpayers and the Port, taxpayers operated as "Concessionaires," utilizing designated areas of airport property for car rental, return, and maintenance. The Multnomah County Assessor assessed *ad valorem* taxes on taxpayers' property based on the value of the Port's publicly owned property that taxpayers were using as private parties. The Tax Court upheld the assessments, and this appeal followed.

■■ In general, state and local government property is exempt from property taxation. ORS 307.090. An exception to that general rule is set out in ORS 307.110(1), which provides:

> "Except as provided in ORS 307.120, all real and personal property of this state or any institution or department thereof or of any county or city, town or other municipal corporation or political subdivision of this state, held under a lease or other interest or estate less than a fee simple, by any person whose real property, if any, is taxable, except employees of the state, municipality or political subdivision as an incident to such employment, shall be subject to assessment and taxation for the assessor or specially assessed value thereof uniformly with real property of nonexempt ownerships."

Thus, in order for the municipal property used by taxpayers to be taxable under ORS 307.110(1), it must be "held under a lease or other interest or estate less than a fee simple." We begin, then, by examining whether the agreements entered

---

[1] Taxpayers in the first case are Avis Rent A Car System, Inc., Budget Rent A Car Systems, Inc., Dollar Rent A Car, and the Hertz Corporation. Taxpayer in the second case is National Car Rental Systems, Inc. All references to taxpayers herein include all five rental car companies.

into by taxpayers and the Port were leases, making the subject property taxable under ORS 307.110(1).

■ ■ There are three essential elements of a lease: a description of the property, the duration of the term, and the rental consideration. *See Port of Coos Bay v. Dept. of Rev.*, 298 Or 229, 233, 691 P2d 100 (1985) (discussing whether agreement entered into by taxable individuals and port was a lease, making subject property taxable under ORS 307.110(1)). Examining the agreements in this case, we observe that the three essential elements of a lease were present: (1) the agreements described, in detail, the premises designated for use by taxpayers; (2) the agreements expressly terminated June 10, 1994, and provided that, on termination, taxpayers could hold over on a month-to-month basis; and, (3) taxpayers were required to pay annual rental and "privilege" fees "[a]s part of the consideration for the rights and privileges granted [in the agreement] and the use of the Designated Premises." We note also that, although the agreements imposed more detailed obligations upon taxpayers than are found in a typical lease, "[n]o particular words are necessary to create a lease. If the agreement grants sufficient control over the premises to fulfill the requirement of possession, a leasehold is created." *Id.* at 234.

In that regard, taxpayers contend that, under the agreements, they did not have sufficient control over the designated premises to constitute a taxable possessory interest in the property. Taxpayers concede that the exclusivity inquiry is governed by the legally permitted use of the designated premises as provided by the agreements. However, taxpayers assert that, because the agreements themselves reserved to the Port, its agents, and the general public the right of ingress and egress through the designated premises, taxpayers did not enjoy "exclusive possession" of the property within the meaning of OAR 150-307.110(1)(2) and, consequently, that ORS 307.110(1) does not apply.[2] Relying on the

---

[2] OAR 150-307.110(1)(1994) provided, in part:

"(1) *Qualifying Conditions.* The assessor shall assess and tax publicly owned real or personal property for the real market value thereof uniformly with real property of nonexempt ownerships when the following conditions of a lease or other interest or estate less than fee simple are met. A lease or other possessory interest exists if the occupant is granted exclusive possession of a definitely described area for a specified period of time[.]"

last two sentences of OAR 150-307.110(1)(2), taxpayers argue that the agreements expressly provided that they could not "exclude others," and that the premises "must be shared," rendering their interest in the designated premises less than possessory.

■    In *Port of Coos Bay*, 298 Or at 233, this court held that the inability to exclude others does not prevent an agreement from creating a leasehold interest. *Port of Coos Bay* involved an agreement entered into by the port and private individuals concerning the use of a dry boat storage unit. That agreement reserved to the port and its agent the right of "free access at all times" for inspection purposes. *Id.* Applying ORS 307.110(1), the court held that the dry boat storage units were leased to taxable individuals within the meaning of the statute and, thus, were subject to *ad valorem* taxation. *Id.* at 234. Similarly, in *Sproul et al v. Gilbert et al*, 226 Or 392, 359 P2d 543 (1961), this court held that the possessory interests of the taxpayers, who had grazing privileges on federal land, were taxable.[3] As in the case at bar, *Sproul* involved a situation in which third parties were permitted to enter upon and use the property at issue. Despite that limited use by third parties, the court in *Sproul* concluded that the taxpayers had exclusive possession with respect to the principal character of the property and, therefore, had a taxable possessory interest. *Id.* at 408-10, 420.

---

"(2) *Exclusive Possession*. The test is whether the occupant has sufficient control over the premises to warrant the label of possession. If the occupant can exclude others, including the owner (except for inspection, making repairs etc.) the occupant has possession. But, if the premises must be shared with others, such as a common pasture, the occupant does not have a possessory interest."

OAR 150-307.110(1) was amended in 1998. Those amendments took effect on December 31, 1998, and are not relevant here. All further references in this opinion are to the 1994 version of the rule.

[3] *Sproul* involved interpretation and application of ORS 307.060, a statute providing an exception to the exemption of federal property from taxation. Although the statute at issue here, ORS 307.110(1), involves an exception to the exemption of state, county, and city property, the same possessory interest principle applies under both statutes. *See, e.g.*, *Sproul*, 226 Or at 406 (substantiality of occupant's interest under ORS 307.060 tested by sufficiency of control over premises to warrant label of possession); *Port of Coos Bay*, 298 Or at 234 (leasehold created under ORS 307.110(1) where agreement grants sufficient control over premises to constitute possession).

■■ In both *Port of Coos Bay* and *Sproul*, the taxpayers were held to have taxable possessory interests in the subject property despite the fact that the agreements at issue in those cases expressly provided for limited "shared" use by third parties. Taxpayers in this case nonetheless assert that, because OAR 150-307.110(1)(2) provides that "shared" use is less than exclusive, their interest in the designated premises is not taxable. We note, however, that OAR 150-307.110(1) is an interpretive rule, not separately substantive—that is, the rule merely explains the way in which the Department of Revenue (department) understands that the legislature intended ORS 307.110(1) to be interpreted. *See* ORS 305.100 (granting to department interpretative, but not substantive, rulemaking authority). To the extent that the rule is inconsistent with legislative intent, as determined by this court, the rule is invalid. *See Fisher Broadcasting, Inc. v. Dept. of Rev.*, 321 Or 341, 355, 898 P2d 1333 (1995) (legislative choice under statute not subject to being overruled by department regulation); *U. of O. Co-Oper. v. Dept. of Rev.*, 273 Or 539, 550-51, 542 P2d 900 (1975) ("[A]n administrative agency may not, by its rules, amend, alter, enlarge or limit the terms of a legislative enactment."). Consequently, we reject taxpayers' argument that OAR 150-307.110(1) is dispositive of this case. We conclude that, despite the limited use by the Port and third parties, taxpayers enjoyed exclusive possession of the principal character of the property.

Because we agree with the Tax Court that the reasoning in *Sproul* and its analysis under ORS 307.060 apply equally under ORS 307.110(1) to the facts of this case, we affirm the Tax Court's holding that "[taxpayers] ha[d] sufficient control and exclusive rights to constitute an interest subject to taxation under ORS 307.110."

Taxpayers also argue that the assessments of the subject property were invalid, because the assessments did not identify and describe accurately the specific airport property subject to property taxation under ORS 307.110(1). We have considered all taxpayers' arguments on that issue and conclude that none is well taken. Further explication of our reasoning on this fact-bound issue would not benefit the public or the bar.

The judgment of the Tax Court is affirmed.