DECISION
Plaintiff appeals the assessment and taxation of its publicly owned property, identified in Defendant's records as Map 132601 DB, Tax Lot 1401 (computer reference 6078) for the 2008-09 tax year. Plaintiff was represented by James Driscoll, Attorney at Law. Defendant was represented by Mike Kilpatrick, Attorney at Law.
 I. STATEMENT OF FACTS
The property at issue is a single-family residence owned by Plaintiff and located on school property immediately adjacent to the main campus of the Dayville School District 16J school(s). Plaintiff rented the home to a math teacher hired in August 2007, roughly two weeks before the commencement of the school year. The teacher and his family moved into the home approximately eight days prior to the beginning of classes. Both the teacher, Peter Bogardus (Bogardus), and his wife Rebecca, are named as tenants on the lease agreement. They pay rent to the school district in the amount of $500 per month. There is no provision in the lease requiring Bogardus to pay property taxes. According to the latest rental agreement, "tenant has possession of the premises and occupancy has been continuous since August 17, 2007." (Oct. 1, 2008, Residence Rental Agrmnt at 1.) Continued occupancy is expressly contingent upon tenant's school employment. (Id.) *Page 2 
The property had been exempt from taxation under ORS 307.090.[1]
Defendant determined that the lease disqualified the property from tax exemption for the 2008-09 tax year. The real market value (RMV) of the property for tax purposes is $95,500, and the taxable assessed value (AV) is $62,456.
 II. ANALYSIS
Publicly owned property, including property owned by school districts, is generally exempt from ad valorem property taxation. ORS 307.090(1).[2]
It was pursuant to that provision that the subject property was historically tax exempt. However, when a public entity leases its property to a taxable individual or entity, the property generally becomes subject to tax, as provided in ORS 307.110(1), unless the exception provided in that statutory provision applies. Johnson v. Dept. of Rev.,292 Or 373, 377, 639 P2d 128 (1982) (Johnson); Urban Renewal Agency v.Dept. of Rev., 14 OTR 77, 78 (1996) (Urban Renewal).
ORS 307.110(1) provides in relevant part:
 "Except as provided in ORS 307.120, all real and personal property of this state or any institution or department thereof or of any county or city, town or other municipal corporation or political subdivision of this state, held under a lease or other interest or estate less than a fee simple, by any person whose real property, if any, is taxable, except employees of the state, municipality or political subdivision as an incident to such employment, shall be subject to assessment and taxation for the assessed or specially assessed value thereof * * *."
(Emphasis added.)
Although Plaintiff initially argued for exemption under the exception (i.e., that the property was exempt because it was used by the employee as an incident to employment), *Page 3 
Plaintiff shifted its position prior to trial, asserting that the school's tax exempt interest in the property remains exempt, even when the property is rented to a taxable person.[3]
Plaintiff contends that Oregon law clearly establishes that it is only the lessor's leasehold interest that is potentially taxable under ORS307.110(1). Plaintiff cites several court decisions in support of its claim. Urban Renewal, 14 OTR at 77 (holding that "taxes imposed under ORS307.110 are assessed to the lessee, not the lessor."); Pollin v. Dept. ofRev., 13 OTR 478, 481 (1996) (Pollin I) (ruling that "[i]n the case of leased public property, the public's interest remains exempt from taxation," and that ORS 307.110 imposes a tax on the lessee); Pollin v.Dept. of Rev., 14 OTR 96, 99 (1997) (Pollin II) (stating that "[a]lthough leased public property becomes taxable [under ORS 307.110(1)] only the lessee's interest in the property is subject to assessment.") Plaintiff notes that the two Pollin decisions follow from the Oregon Supreme Court's decision in Johnson. (Ptf's Trial Br at 2.) The court in PollinII specifically cited Johnson for the rule that, while ORS 307.110
provides for taxation of all real property of the state held under lease by a taxable person or entity, "the lien resulting from tax is enforceable only against the leasehold interest." Johnson, 292 Or at 383.
Defendant acknowledges that the Oregon court decisions prior to 1997 provide that the lien is only enforceable against the lessee. Notable among those decisions, notes Defendant, is Urban Renewal, 14 OTR at 78-79
(stating that in the two Pollin decisions the tax court "held that an assessment under ORS 307.110 is to be made against the lessee, not the exempt owner," and that the Oregon Supreme Court's decision in Johnson
held that "a lien for unpaid property taxes imposed under ORS 307.110 is only enforceable against the leasehold interest.") However, *Page 4 
during oral argument, Defendant noted that the statute (ORS 307.110) was amended in 1997, and insisted that the amendment makes Plaintiff's cases "problematic." The court disagrees.
Oregon Laws 1997, chapter 819, section 12, amended subsection (5) of ORS 307.110 to provide that the lien for unpaid taxes remains on the property after termination of the lease. That amendment changed the statute to provide:
 "(5) The provisions of law for liens and the payment and collection of taxes levied against real property of nonexempt ownerships shall apply to all real property subject to the provisions of this section. Taxes remaining unpaid upon the termination of a lease or other interest or estate less than a fee simple, shall remain a lien against the real or personal property."
Or Laws 1997, ch 819, § 12 (legislative amendment set out in bold).[4]
Defendant argues that the 1997 legislative amendment precludes Plaintiff from relying on Urban Renewal, the two Pollin decisions, Johnson, or any of the other decisions interpreting ORS 307.110 rendered before the 1997 amendment.
Plaintiff disagrees, responding that the 1997 amendment did not change subsection (1) of ORS 307.110, and that the change in paragraph (5) of the 1997 legislative amendment simply provides that taxes remaining unpaid at the end of the lease are a lien. Plaintiff insisted during oral argument that in this case the assessor taxed the wrong party, and that the legislature only addressed who gets taxed and what interest gets taxed. Plaintiff argues that the Oregon Supreme Court's decision inAvis Rent A Car System, Inc. v. Dept. of Rev., 330 Or 35, 995 P2d 1163
(2000) (Avis) supports its position because, in that case, the court affirmed the assessor's taxation of the five car rental company lessees. *Page 5 
The court finds that Plaintiff has the better argument, althoughAvis adds little support or strength to Plaintiff's position.[5] The leading case is Johnson. The issue in Johnson was whether certain submerged and submersible lands owned by the State of Oregon and leased to intervenor-appellant Foster (a private individual) were subject to ad valorem property taxation. Johnson, 292 Or at 375. Foster was obliged under the lease to pay any taxes due on the leased land. Id. at 376. The court began by noting that while real property owned by the state and other governmental entities is generally exempt from ad valorem taxation pursuant to ORS 307.040 through ORS 307.090, "public property leased to a taxable private owner is subject to tax." Id. at 377.
The court in Johnson rejected Foster's argument that the exception in ORS 307.110, providing for taxation of publicly owned land leased to nonexempt individuals, violated a constitutional provision requiring certain lands dedicated to the common school fund to be managed with the object of obtaining the greatest benefit for the people of Oregon. Id. at 378-79. Foster argued that the constitution was violated because ORS307.110 "imposes the burden of taxation on the land, including the state's reversionary interest, rather than on the lessee." Id. at 383. Foster argued that a comparison between ORS 307.110 and ORS 307.060
illustrated the distinction rendering ORS 307.110 unconstitutional. Id.
The court was not persuaded by the fact that ORS 307.060 specifically provides that federally owned land leased by a taxable individual is subject to property taxation, but "that any lien for tax attaches only to the leasehold interest," whereas ORS 307.110 provides no such specific limitation concerning the attachment of the lien. Id. The court noted that "ORS 307.110(4) applies general lien law to "all real property subject to the provisions of this section.'" Id. The court concluded that "the *Page 6 
tax is assessed upon the full property value, but the lien resulting from tax is enforceable only against the leasehold interest." Id. The court further stated in that "[t]he Oregon lien laws, naturally enough, do not provide for liens against the state, since state-owned lands are not taxable." Id.
The 1997 legislative amendment Defendant relies upon does nothing to change the body of law set forth in Johnson, and subsequently relied upon by this court in numerous cases including Pollin I, Pollin II, and UrbanRenewal, all of which are discussed above. The fact that the legislature added language providing that the taxes remaining unpaid upon the termination of the lease remain a lien against the property does not alter the rule that "[w]hen publicly owned property is leased to a taxable lessee, the public's interest in the property remains exempt from taxation." Pollin, 14 OTR at 99. As noted in Johnson, "the lien resulting from tax is enforceable only against the leasehold interest[,]" and that "Oregon lien laws * * * do not provide for liens against the state[.]"Johnson, 292 Or at 383. This limitation makes sense given that the statutory consequences for failure to pay real property taxes is the sale of the property to the county, as provided in ORS chapter 312. See e.g., ORS 312.050 (providing for the institution of foreclosure proceedings three months after taxes become delinquent); ORS 312.090 (providing for court judgment and lien for delinquent taxes); ORS 312.100 (providing for sale of property to county after judgment entered); ORS 312.200
(providing for properties not redeemed within two-year statutory period "shall be deeded to the county by the tax collector"). Absent a clear statutory mandate, the court is not prepared to uphold the assessment of property taxes against the school in this matter, with the result that nonpayment could result in the foreclosure and sale of the property to the county. The court does not believe that the legislature generally intended the county to acquire state and other governmentally owned property for nonpayment of taxes. *Page 7 
 III. CONCLUSION
The court concludes that Plaintiff school district's interest in its publicly owned property is exempt from taxation. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs appeal is granted.
Dated this _____ day of March 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on March 31, 2009.The Court filed and entered this document on March 31, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.
[2] ORS 307.090(1) provides: "Except as provided by law, all property of the state and all public or corporate property used or intended for corporate purposes of the several counties, cities, towns, schooldistricts, irrigation districts, drainage districts, ports, water districts, housing authorities and all other public or municipal corporations in this state, is exempt from taxation. (Emphasis added.)
[3] That was the position taken by Plaintiff in the initial Compliant in July 2008 (use by a government employee incident to employment), and reiterated in a letter to the court from the school superintendent dated November 13, 2008. After Driscoll came on as Plaintiff's legal representative, the court on January 14, 2009, approved counsel's motion to amend the Complaint. Driscoll amended, stating that four cases construing ORS 307.110(1) "uniformly hold that the School District's interest in the property remains tax exempt under ORS 307.090 regardless of whether the property is rented or not." (Mo for Leave to Amend Compl at 2.)
[4] Section 12 of chapter 819 begins by noting that "ORS 307.110 is amended to read [.]"
[5] The issue in Avis was not whether the assessor could assess the government, but whether the car rental company lessees (who leased space from the Port of Portland) had a sufficient interest in the property to subject the property to assessment and taxation under the exception in ORS 307.110(1) for taxation of government property leased to taxable entities.