ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT
 I. INTRODUCTION
This matter is before the court on cross-motions for summary judgment. Pursuant to a procedure established in case management conferences in this case, these motions raise a preliminary, and possibly dispositive, issue. Resolution of this preliminary issue will determine if further proceedings are necessary in this case.
 II. FACTS
Plaintiff, Grant County Assessor (county), appealed from a decision of a magistrate in favor of Defendant, Dayville School District 16J (school district). (Compl at 2.) The school district owns land and a residence that has been leased to a teacher employed by the school district. (Compl at 1; Def's Stip of Facts at 1.) Although certain leases to private parties do not endanger the general exemption from property taxation from which the school district and others benefit under ORS 307.090, other leases do cause a loss of *Page 2 
exemption.[1] ORS 307.110. At this stage of the case, the question of whether the lease in question here is "safe" under ORS 307.110(1) has been deferred.
 III. ISSUE
The cross-motions raise the question of whether property of the school district could be subject to taxation in any event under ORS 307.110 and a lien securing payment of any tax due.
 IV. ANALYSIS
The exempt status of property owned by school districts derives from ORS 307.090, which, in relevant part provides that, except asprovided by law, property of school districts is exempt from taxation. ORS 307.090(1).
ORS 307.110 provides for one such exception to the general rule of exemption. That statue provides, in relevant part:
 "(1) Except as provided in ORS 307.120, all real and personal property of this state or any institution or department thereof or of any county or city, town or other municipal corporation or political subdivision of this state, held under a lease or other interest or estate less than a fee simple, by any person whose real property, if any, is taxable, except employees of the state, municipality or political subdivision as an incident to such employment, shall be subject to assessment and taxation for the assessed or specially assessed value thereof uniformly with real property of nonexempt ownerships.
 "* * * * *
 "(5) The provisions of law for liens and the payment and collection of taxes levied against real property of nonexempt ownerships shall apply to all real property subject to the provisions of this section. Taxes remaining unpaid upon the termination of a lease or other interest or estate less than a fee simple, shall remain a lien against the real or personal property."
ORS 307.110(1), (5). *Page 3 
Prior to 1997, the provisions of subsection (5) of ORS 307.110 did not include the words of the last sentence of subsection (5): "[t]axes remaining unpaid upon the termination of a lease or other interest or estate less than a fee simple, shall remain a lien against the real or personal property." Additionally, prior to 1997 a series of cases in this court and the Supreme Court had established that under the pre-1997 version of ORS 307.110, the only interest subject to a lien securing payment of tax was the interest of the lessee from the government entity. See Urban RenewalAgency v. Dept. of Rev., 14 OTR 77, 78-79 (1996) (citingPollin v. Dept. of Rev., 13 OTR 478, 481 (1996),argued 13 OTR 478 (1997), aff'd 326 Or 427 (1998),cert den, 524 US 954 (1998); Johnson v. Dept. of Rev.,292 Or 373, 383, 639 P2d 128 (1982); Multnomah County v. FinanceAmerica Corp., 120 Or App 30, 34, 852 P2d 262, rev den,318 Or 25 (1993)).
The provisions of the 1997 amendment to ORS 307.110(5) are critical to this case. The court has reviewed the legislative history of the amendment adding the language quoted above to ORS 307.110. Or Laws 1997, ch 819, § 12. There is nothing in that legislative history that provides any basis for reading the language of the amendment as meaning anything other than what is stated — the property, regardless of its ownership by a public body, is and remains subject to a lien for tax unpaid but due in respect of a period of use by a private person under a lease that is not "safe."[2]
The statutory amendment seems to have been clearly designed to change the result arrived at by the courts under earlier versions of ORS 307.110. If the amendment is not read to subject certain publically owned property to the burden of taxation, it would have no meaning and the legislation adding it would have been a meaningless act. That conclusion is not *Page 4 
permitted to this court. Accordingly, under the current version of ORS 307.110(5), use of the property under a lease that is not "safe" will cause a tax to be due. If that tax is not paid, a lien will exist and survive the termination of the lease.[3] The prior case law has been superseded by legislative action.
The parties have discussed what purports to be a writing of the Attorney General that discusses certain difficulties that may exist if a county were to attempt to foreclose on a lien created under ORS 307.110. (See Ptf's Aff of Lane Burton, Ex 9; Def's Mot for Summ J at 10-11.) Without proper citation, the court cannot identify this document. However, taking it at face value, the discussion of difficulties with foreclosure of liens does not call into question the existence of the lien, but only the remedies that the lienholder may have. Indeed, any discussion of difficulties as to foreclosure of a lien assumes the existence of a valid lien in the first instance.
The school district argues that the decision in Avis Rent A CarSystem, Inc. v. Department of Revenue,330 Or 35, 995 P2d 1163 (2000), coming after the 1997 amendment, requires a different result. (Def's Mot for Summ J at 9-10.) InAvis, the Oregon Supreme Court spoke to what quantum of interest a private party must have in order for the private use to come within the language of ORS 307.110. See 330 Or at 38-41. The court did not need to and did not address the question of whether a tax unpaid at the termination of private use would remain a lien on the property in question. See id. *Page 5 
 V. CONCLUSION
The motion of Plaintiff is granted as to the interpretation of ORS 307.110 and the potential status of property as subject to tax. The motion of Defendant is denied. The case is continued for resolution of the question of whether the lease involved here was of the type that is "safe" under ORS 307.110(1). Now, therefore,
IT IS ORDERED that Plaintiff's Motion for Summary Judgment is granted; and
IT IS FURTHER ORDERED that Defendant's cross-motion for summary judgment is denied.
Dated this ___ day of April, 2010.
THIS DOCUMENT WAS SIGNED BY JUDGE HENRY C. BREITHAUPTON APRIL 21, 2010, AND FILED THE SAME DAY. THIS IS A PUBLISHEDDOCUMENT.
[1] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to the 2007 edition.
[2] Reference in this order is, for convenience, made to a lease. ORS 307.110 speaks of other interests less than fee simple as well.
[3] There is reason to the result stated in the 1997 amendment. If no lien exists against the fee interest to secure payment of tax due and only the interest of the lessee is subject to levy, counties might have no assurance that taxes would be paid. If a lessee did not pay taxes, a county could be left, potentially, with only a lien on an expired interest. Real property taxes are an in rem
obligation only, and a county would have no cause of action against either the public lessor or the private lessee. Mark v. Dept. ofRev., 12 OTR 369, 370-71 (1993). After 1997 there is, of course, a real reason for public lessors to impose tax payment obligations on their lessees by contract and, if appropriate, secure those obligations with guarantees or other security. Public lessors can thereby minimize the risk that their fee interest in property will be impaired by a lien under ORS 307.110(5). As between the public lessor and a county, it is obviously reasonable to place the burden of careful action on the public lessor. Only that party has a contractual relationship with the private lessee.