Argued and submitted January 11, reversed and remanded March 20, 2013

DEXTER LOST VALLEY COMMUNITY ASSOCIATION,
*Petitioner*,

*v.*

LANE COUNTY;
ATR Land, LLC;
Leelynn, Inc.;
and Wiley Mt., Inc.,
*Respondents*.

Land Use Board of Appeals
2012044; A152839

300 P3d 1243

Daniel J. Stotter argued the cause for petitioner. With him on the brief was Stotter & Associates LLC.

Bill Kloos and Law Office of Bill Kloos, PC, filed the brief for respondents ATR Land, LLC, Leelynn, Inc., and Wiley Mt., Inc.

Stephen E. Dingle waived appearance for respondent Lane County.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Duncan, Judge.

SCHUMAN, P. J.

**SCHUMAN, P. J.**

Intervenors applied to Lane County for a permit to build a bridge. Petitioner unsuccessfully opposed the application and then appealed the county's adverse decision to the Land Use Board of Appeals (LUBA). Lane County submitted the record in the case to LUBA. Subsequently, after receiving petitioner's petition for LUBA review, the county filed a motion for a voluntary remand, relying on LUBA's longstanding practice of permitting a local government to voluntarily withdraw a land use decision if the local government agreed to consider each of the petitioner's assignments of error. Petitioner opposed the motion, arguing that, although LUBA must permit a local government to withdraw a decision *before* the local government submits the record, the relevant statute, ORS 197.830(13), does not permit a voluntary remand *after* that event. LUBA granted the county's motion and remanded the decision. *Dexter Lost Valley Community Assoc. v. Lane County*, ___ Or LUBA ___ (LUBA No 2012-044, Oct 16, 2012). Petitioner seeks judicial review. We reverse and remand.

The relevant facts are all procedural. Three developers applied for a permit to build a bridge as part of a project in rural Lane County.[1] Over petitioner's opposition, a Lane County hearings official approved the permit. Petitioner appealed to the Lane County Board of Commissioners, which affirmed the hearings official without comment. Thereafter, the following events occurred: On June 12, 2012, petitioner filed a notice of intent to appeal to LUBA. On July 23, the county, in response, took the first step in defending its decision by submitting the record in the case to LUBA. On August 14, petitioner filed its petition for review setting forth its various assignments of error. On August 27, apparently in response to the petition for review, the county submitted a "Motion for Voluntary Remand" in which it agreed to "consider each of the Assignments of Error presented in the Petition for Review" and "take final action * * * within 90 days."

___

[1] The developers are ATR Land, LLC; Leelynn, Inc.; and Wiley Mt., Inc. They were intervenors below and, along with Lane County, they are respondents on judicial review. Lane County did not file a brief or appear at oral argument; hereafter, "respondents" refers to the developers.

In doing so, the county relied on a series of LUBA decisions allowing for a voluntary remand after the record in a case is submitted if, but only if, the local government agrees to address in the remand all of the issues raised in the petition for review. *Mulholland v. City of Roseburg*, 24 Or LUBA 240, 241 (1992); *Angel v. City of Portland*, 20 Or LUBA 541, 543 (1991). Petitioner opposed the remand, arguing that LUBA's practice exceeded its statutory authority and violated the clear terms of ORS 197.830(13)(b), which provides:

> "At any time subsequent to the filing of a notice of intent and *prior to the date set for filing the record*, * * * the local government or state agency may withdraw its decision for purposes of reconsideration. If a local government or state agency withdraws an order for purposes of reconsideration, it shall, within such time as the board may allow, affirm, modify or reverse its decision."

(Emphasis added.)

LUBA granted the motion, relying on a variety of its own precedents and policy considerations:

> "Petitioner apparently views the unilateral right to withdraw a decision for reconsideration under ORS 197.830(13)(b) and the right to move for voluntary remand as the same thing. They are not. The right to withdraw a decision for reconsideration under ORS 197.830(13)(b) is unilateral, and must be granted by LUBA if timely filed. The right to move for voluntary remand is conditional. A local government that moves for voluntary remand must agree to consider all issues raised in the petition for review. *Mulholland v. City of Roseburg*, 24 Or LUBA [at 241]; *Angel v. City of Portland*, 20 LUBA [at 543]. * * * LUBA frequently grants motions for voluntary remand if it concludes that granting the motion is 'consistent[] with sound principles governing judicial review.' ORS 197.805. In deciding whether to grant a motion for voluntary remand, LUBA is cognizant that the statutes under which LUBA operates express a 'preference that land use matters be resolved at the local level if possible, rather than on review by [LUBA] or the appellate courts * * *.' *Mulholland*, 24 Or LUBA at 243. LUBA also recognizes that by granting a motion for voluntary remand LUBA avoids 'forcing [a local government] and applicant to defend a decision they * * * do not believe will survive [LUBA]

review.' *Id.* And in such cases granting a motion for voluntary remand can actually shorten the time required to present LUBA with focused arguments on the legal matters that are contested, by allowing the local government an opportunity to 'adopt a decision it is prepared to defend.' *Id.*"

*Dexter Lost Valley Community Assoc.*, ___ Or LUBA at ___ (LUBA No 2012-044 at 2-3 (footnote omitted; second omission in original; third through fifth brackets in original)). This judicial review ensued.

Before this court, petitioner once again calls our attention to the well-settled precept that an administrative agency cannot act outside of its legislative grant of authority in order to "amend, alter, enlarge or limit the terms of a legislative enactment." *U. of O. Co-Oper. v. Dept. of Rev.*, 273 Or 539, 550, 542 P2d 900 (1975); *accord Avis Rent A Car System, Inc. v. Dept. of Rev.*, 330 Or 35, 41, 995 P2d 1163 (2000). Petitioner argues that, in ORS 197.830(13)(b), the legislature affirmatively limited LUBA's authority to allow voluntary remands after submission of the record. By allowing local governments to withdraw orders before submission of the record, the legislature implicitly prohibited withdrawal afterward.

Respondents' brief on appeal focuses preliminarily on reviewability. Their first argument is that, by asking—in its original petition for review to LUBA—that LUBA reverse *or remand*, petitioner forfeited the right to seek judicial review when LUBA, in fact, remanded. We disagree. After the county filed its motion for voluntary remand, petitioner submitted an express and vigorous "Opposition to Motion for Voluntary Remand." Further, to the extent that petitioner sought remand in its original petition for review to LUBA, petitioner was seeking at least a partial adjudication on the merits of the county's decision; when petitioner now challenges the county's remand, petitioner is opposing LUBA's decision to refrain from an adjudication on the merits by allowing the county to reconsider its order. Those are different objectives, and asking for the first did not invite LUBA to perform the second. For similar reasons, we reject respondents' second reviewability contention—that petitioner has not demonstrated that its substantial

rights were prejudiced. *See* ORS 197.850(9)(a) (the court may reverse or remand procedural error only if error is prejudicial). In granting the county's motion, LUBA delayed providing petitioner with a judicially reviewable decision on the merits of the county's order.

In addressing petitioner's argument, as opposed to the argument's reviewability, respondents maintain, "What is missing * * * is any sound explanation as to why LUBA's practice of issuing voluntary remands <u>after</u> the filing of the record is contrary to any statute or rule." (Underscoring in original.) According to respondents, ORS 197.830(13)(b) does not limit LUBA's authority to grant voluntary remands; seen in the context of LUBA's "historic" and "long-standing practice," the statute, "on its face, <u>expands</u> LUBA's authority to approve voluntary remands." (Underscoring in original.) Respondents' argument appears to be that, before the enactment of "the relatively recent" ORS 197.830(13)(b), LUBA had adopted the practice of granting voluntary remands at any time in the review process before hearing, but only if the local government agreed to address all of the issues. In order to enlarge LUBA's authority, the legislature in enacting ORS 197.830(13)(b) *eliminated* the requirement that a local government agree to address the issues, thereby empowering LUBA to do what it had not been empowered to do previously.

Further, respondents echo LUBA's reasoning. ORS 197.830(13)(b), they argue, establishes that LUBA *must* permit a local government to withdraw a decision if the withdrawal occurs after the filing of the notice of intent and before the date set for filing the record.[2] LUBA's policy, on the other hand, *allows* LUBA to grant a local government's *request* for a remand without temporal limitation, provided the local government agrees to address all assignments of error. According to respondents, the statute and the policy do not conflict; rather, they complement each other.

We conclude that each side has plausible textual and contextual arguments. Respondents' argument, however,

---

[2] LUBA's obligation does not arise unless the local government provides notice of its withdrawal. OAR 661-010-0021(1).

cannot be reconciled with unusually persuasive legislative history. What is now ORS 197.830(13)(b) was enacted by the 1991 Legislative Assembly. Or Laws 1991, ch 817, § 7. At one point in the process (in the "A3" amendments), the relevant portion of the provision read, "At any time subsequent to the filing of a notice of intent and prior to *the date set for oral argument*, the local government or state agency may withdraw its decision for purposes of reconsideration." HB 2261-A3 (June 3, 1991) (emphasis added). Written testimony submitted by 1000 Friends of Oregon suggested a flaw in that language. In a letter to the chair and members of the Senate Agriculture and Natural Resources Committee, 1000 Friends' staff attorney stated,

> "The A3 amendments would add a provision enabling local governments to withdraw a decision appealed to LUBA for purposes of reconsideration. 1000 Friends has no objection to that, but does object to allowing the withdrawal to be made at any time before the date set for oral argument. *** Giving a local government that long means the appellant might have to pay a lawyer substantial sums to prepare a brief and an oral argument, only to learn at the last minute such expenditures were not necessary. Some local governments might even wait until the last minute to exhaust an appellant's resources and hence his ability to challenge the decision.

> "Accordingly, 1000 Friends recommends substituting the words 'filing the record' for 'oral argument.' *** Thus, an appellant would not have to incur attorney fees until the local government made clear whether it would withdraw its decision."

Testimony, Senate Agriculture and Natural Resources Committee, HB 2261, June 7, 1991, Ex Q (statement of Neil Kagan). 1000 Friends' staff attorney further explained the proposed amendment in another memorandum addressed to the same committee:

> "This amendment [*i.e.*, changing 'oral argument' to 'filing the record'] would give a local government an opportunity to withdraw a decision appealed to LUBA for purposes of reconsideration. The local government would be able to withdraw the decision at any time prior to the date set for filing the record.

"Unlike an earlier proposed amendment, 1000 Friends' proposed amendment would not allow a decision to be withdrawn at any time before the date set for oral argument. Giving a local government that long might have forced the appellant to pay a lawyer substantial sums to prepare a brief and an oral argument, only to learn at the last minute such expenditures were not necessary."

Testimony, Senate Agriculture and Natural Resources Committee, HB 2261, June 12, 1991, Ex G (statement of Neil Kagan). The bill that ultimately passed and is now ORS 197.830(13)(b) incorporated 1000 Friends' suggested language.

From the foregoing legislative history, we conclude that ORS 197.830(13)(b), in allowing a state or local government to withdraw a decision "subsequent to the filing of a notice of intent and prior to the date set for filing the record," necessarily prohibits a state or local government from withdrawing a decision thereafter. LUBA's grant of Lane County's motion to withdraw its decision in this case was, therefore, error.

Reversed and remanded.