IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| ANNA ANFILOFIEFF and SAM ANFILOFIEFF, | ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 200342G |
| v. | ) ) | |
| DEPARTMENT OF REVENUE, State of Oregon, | ) ) ) ) | |
| Defendant. | ) | **DECISION** |

Plaintiffs challenge Defendant's disallowance of a deduction for Plaintiffs' 2017 payments to subcontractors under ORS 305.217 after Plaintiffs failed to timely file information returns.[1] Plaintiff Anna Anfilofieff appeared at trial *pro se* and testified. Defendant was represented by Kellie White, CPA, who also testified. Plaintiffs' Exhibits 1 to 4 and Defendant's Exhibits A and B were admitted.

## I. STATEMENT OF FACTS

Mr. Anfilofieff operates a construction business as a sole proprietorship. (Ex A at 2.) He is a finish carpenter, and Mrs. Anfilofieff handles the business's paperwork. Plaintiffs hire subcontractors as needed for particular jobs.

In 2017, Plaintiffs hired eight subcontractors and paid them a total of $393,517.85. (Ex 1 at 1.) Plaintiffs obtained W-9 forms and certificates of liability insurance from each of them at the time of hire. (Ex 4 at 1–16.) Mrs. Anfilofieff prepared a Form 1099-MISC for each subcontractor and a Form 1096 summarizing those information returns for transmittal to the IRS.

/ / /

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

(Ex 1.) She testified that she issued paper copies of the 1099s to the subcontractors and filed the 1099s electronically with the IRS. Plaintiffs did not timely file the 1099s with Defendant.

Mrs. Anfilofieff testified that she had no explanation for why the 1099s for 2017 were not filed with Defendant. She testified that it was her usual practice to file 1099s with Defendant, and records indicate she did so for 2016 and 2018. (Ex 3 at 2–5.)

Defendant adjusted Plaintiffs' 2017 return. Among other adjustments not under appeal, Defendant disallowed the entire $393,518 deduction claimed for payments to subcontractors. (Ex B.)

Plaintiffs request that the court reverse Defendant's adjustment and allow a $393,518 deduction for payments to subcontractors. Defendant requests that the court sustain its adjustment.

## II. ANALYSIS

The issue in this case is whether ORS 305.217 forbids Plaintiffs from deducting their payments to subcontractors in 2017.

Unless otherwise modified by Oregon law, taxable income for purposes of computing Oregon personal income tax "means the taxable income as defined in subsection (a) or (b), section 63 of the Internal Revenue Code[.]" ORS 316.022(6); 316.048. Taxpayers are therefore generally permitted to claim deductions from their gross income allowed under the IRC, including "a reasonable allowance for salaries or other compensation for personal services actually rendered." IRC § 162(1).

ORS 305.217 imposes a condition on that deduction for wages and compensation paid: no deduction is allowed to payers who fail to file required information returns unless the failure

/ / /

was "due to reasonable cause" and was not part of a tax evasion scheme. OAR 150-314-0140(1).[2] ORS 305.217 states:

> "No deduction shall be allowed under ORS chapter 316, 317 or 318 to an individual or entity for amounts paid as wages or as remuneration for personal services if that individual or entity fails to report the payments as required by ORS 314.360 or 316.202 on the date prescribed therefor (determined with regard to any extension of time for filing) unless it is shown that the failure to report is due to reasonable cause and not done with the intent to evade payment of the tax imposed by ORS chapter 316 or to assist another in evading the payment of such tax."

ORS 314.360(1) requires the filing of information returns—federal forms W-2 and 1099—with Defendant "under such regulations and in such form and manner and to such extent as [Defendant] may prescribe." *See* OAR 150-314-0140. For 2017, Defendant began requiring the smallest payers—those issuing fewer than 11 information returns—to file electronically.[3] OAR 150-314-0140(6).

In the present case, the parties agree that Plaintiffs were obligated to file 1099s with Defendant for 2017, but did not do so until after the deadline. Defendant has not granted an exception to the filing requirement for undue hardship. *See* OAR 150-314-0140(5). Plaintiffs can therefore only claim a deduction for their payments to subcontractors if "it is shown that the failure to report is due to reasonable cause and not done with the intent to evade payment of the tax * * * or to assist another in evading the payment of such tax." *See* ORS 305.217.

Defendant has promulgated OAR 150-305-0130(1), which distinguishes two classes of payers disqualified from claiming the deduction under ORS 305.217: (a) those who fail to file altogether, and (b) those who file for employees as if the employees were independent

---

[2] Oregon Administrative Rules (OAR)

[3] Defendant had begun phasing in an electronic filing requirement for larger payers in 2011. *See* OAR 150-314.360 (July 31, 2010).

contractors. The regulation applies a different standard to each class of payer: those who misclassify employees as independent contractors may deduct expenses if they show "reasonable cause" for not properly filing, but those who fail to file altogether must show the failure was caused by "a circumstance beyond the individual or entity's control." OAR 150-305-0130(2), (3). The regulations provide examples illustrating the two different standards. OAR 150-305-0130(2), (3); 150-305-0068(5)(a).

It is puzzling how the "reasonable cause" standard found in ORS 305.217 generated a second "beyond the taxpayer's control" standard for certain taxpayers in the accompanying regulation. OAR 150-305-0130 was promulgated pursuant to ORS 305.100, a statute granting Defendant "interpretative, but not substantive, rulemaking authority." *Avis Rent A Car System., Inc. v. Dept. of Rev.*, 330 Or 35, 41, 995 P2d 1163 (2000), *cited by Farmer's Direct, Inc. v. Dept. of Rev.*, TC 5328, 2021 WL 366864 at *13 n 20 (Or Tax Feb 3, 2021). Such interpretative rules may not "amend, alter, enlarge or limit the terms of a legislative enactment." *Avis*, 330 Or at 41 (quoting *U. of O. Co–op. v. Dept. of Rev.*, 273 Or 539, 550–51, 542 P2d 900 (1975)). Were this court called upon to evaluate whether a taxpayer had shown adequate cause for not filing an information return, it would "focus[] on construing the statutes and applying any relevant judicial decisions" rather than applying a regulation if that regulation did not reflect the statute. *Farmer's Direct*, 2021 WL 366864 at 13 n 20.

In the present case, though, Plaintiffs have not attributed their failure to file to any cause, reasonable or otherwise. In response to direct questioning, Mrs. Anfilofieff declined to offer any explanation for Plaintiffs not filing 1099s with Defendant. Instead, Plaintiffs urge the court to consider that they filed 1099s with the IRS for 2017 and with Defendant for both 2016 and 2018, arguing that record shows they did not intend to assist in tax evasion.

ORS 305.217 requires more than a showing that Plaintiffs did not mean to assist in tax evasion. They must also show that "the failure to report is due to reasonable cause." *See* ORS 305.217. For the court to evaluate whether Plaintiffs had reasonable cause, there must be some evidence of why they did not file the information returns. No such evidence was presented here, not even testimony to an explanation. Plaintiffs provided no ground on which the court can make a finding of reasonable cause. *See* ORS 305.217.

### III. CONCLUSION

Because Plaintiffs did not show reasonable cause for failing to timely file information returns with Defendant, ORS 305.217 bars them from claiming a deduction for their payments to subcontractors in 2017. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.

Dated this _____ day of April 2021.

POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*Some appeal deadlines were extended in response to the Covid-19 emergency. Additional information is available at https://www.courts.oregon.gov/courts/tax*

*This document was signed by Magistrate Poul F. Lundgren and entered on April 19, 2021.*